*A. W. Cozart,* for defendant.

---

## THOMPSON *v.* WEBB.

FISH, C. J. An action was brought upon a note secured by a deed to farm lands. Pending the action the property, except the dwelling-house, garden, orchard, and barn, was placed in the hands of a receiver upon the petition of the plaintiff, on the grounds that the defendant had become insolvent, that he was cutting and removing the timber from the land, and that the land covered by the security deed was not of sufficient value to satisfy the amount due on the note. Judgment was rendered in the action on the note, which was a special lien on all the realty. The defendant filed a bill of exceptions, but took no steps to obtain a supersedeas. The plaintiff applied to the judge for an order allowing the execution to be levied upon the realty, and that it be sold to satisfy the judgment. The order was granted. The plaintiff, for the purpose of levy and sale, executed to the defendant and had recorded a quitclaim deed to the property. Levy was made, and the property was advertised for sale by the sheriff. The defendant petitioned the court to revoke or modify the order that the land be sold, on the grounds, that the time advertised for the sale, February, was inopportune, and the property would not bring its full value at that season of the year; and that the order allowing the property to be levied on and sold was granted without notice to the defendant. Injunction and supersedeas were prayed. On a preliminary hearing the judge revoked his former order, for the reason that it was granted without notice to the defendant in execution, granted a supersedeas in the main case, and ordered the sheriff to "desist from further proceedings under the levy." The plaintiff in execution, in his answer to the petition of the defendant in execution, set up that no notice to the defendant was necessary to obtain the order to levy on the property,

but that, if the judge should be of the contrary opinion, as the defendant was then before the court he be required to show cause then why the property should not be levied on and sold. *Held*, that if the defendant in execution was entitled to notice of the application of the plaintiff in execution for leave of the court to levy upon and sell the property in the hands of the receiver, it ·appearing from the record that he had no legal reason why such leave should not have been granted, and was therefore not hurt by the granting of the order for levy and sale, the judge erred in revoking such order and granting a supersedeas in the suit on the note.

> *Judgment reversed. All the Justices concur.*
> APRIL 14, 1916.

Injunction. Before Judge Patterson. Milton superior court. January 28, 1916.

*G. F. Gober, G. B. Walker,* and *W. I. Heyward,* for plaintiff.