CITY OF CEDARTOWN *et al. v.* PICKETT.

No. 14264. SEPTEMBER 21, 1942.

510

J. B. Edwards, for plaintiffs in error.

Barry Wright, Henry J. Fullbright Jr., and W. W. Mundy Jr., contra.

DUCKWORTH, Justice. ■ The defendant in error moved to dismiss the writ of error, on the ground that the case is still pending in the court below, no final judgment having been rendered therein, and that the bill of exceptions is premature, because the judgment excepted to is not a final judgment. Cited in support of this motion is 50 U. S. C. A. § 582, as follows: "Any interlocutory order made by any court under the provisions of this act may, upon the court's own motion or otherwise, be revoked, modified, or extended by it upon such notice to the parties affected as it may require." Also cited are the following decisions of this court: Ivey v. Rome, 126 Ga. 806 (55 S. E. 1034), Dorminey v. Moore, 144 Ga. 207 (86 S. E. 536), Kennedy v. Edenfield, 159 Ga. 816

(126 S. E. 779), *Crider* v. *Holbrook,* 169 *Ga.* 765 (151 S. E. 505), and *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (3 S. E. 2d, 649), in which it was ruled that a direct bill of exceptions will not lie to an order granting a temporary restraining order; and certain Code sections relating to that question. It is argued that since the order here excepted to was rendered ex parte, without notice and an opportunity to be heard, it should be put in the same class as a restraining order, and not in the class with an interlocutory injunction, which is granted only after notice and a hearing. The weakness of this argument lies in the fact that the order excepted to is an unconditional grant of the relief provided for by the Federal statute; and although the trial judge granted the order without requiring notice and allowing an opportunity to be heard, as he should have done under the law, this does not change the nature of the judgment, but goes only to the validity of the judgment. The judgment is final as to the subject-matter with which it deals, to wit: stay of proceedings as provided by the statute. No further ruling or judgment is necessary or required by law to give full force and effect to this provision of the statute; and the opposite party had to choose between: (1) abiding by that judgment, or (2) obtaining a review thereof by a bill of exceptions. No case is left pending, in so far as the case is made by the application for a stay of proceedings; and in this respect the judgment is the same as an interlocutory injunction and may be reviewed by a direct bill of exceptions. *Mendenhall* v. *Stovall,* 191 *Ga.* 452 (12 S. E. 2d, 589). The motion to dismiss is overruled.

■ Under the soldiers and sailors civil relief act of 1940 (50 U. S. C. A. § 521), it is provided that actions or proceedings in any court in which a person in military service is involved, either as plaintiff or defendant, shall at any time be stayed on application of such person to that court, unless in the opinion of the court the ability of such person to protect his rights in the action is not materially affected by reason of his military service. The plaintiff in error insists that by virtue of the ruling in *Edwards* v. *State,* 125 *Ga.* 5 (53 S. E. 579), and *Board of Commissioners* v. *Municipal Securities Corporation,* 161 *Ga.* 634 (131 S. E. 495) (to the effect that, from the time the bill of exceptions is signed by the judge until the remittitur from the Supreme Court is returned to the trial court, the trial court has no jurisdiction of the case),

the trial judge was without jurisdiction to pass the stay order here complained of, because at that time the case was in the Supreme Court on exceptions to the overruling of the general demurrer and the grant of an interlocutory injunction. In the condition of the record as it appears in this court, this contention can not be sustained. It does not appear that a supersedeas was obtained as provided in the Code, §§ 6-1002, 55-202. In the absence of such a supersedeas, the trial court might legally have proceeded with the trial of the case, subject to the ruling which the Supreme Court might make on the demurrer. *Cummings* v. *Clegg,* 82 *Ga.* 763 (9 S. E. 1042); *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135); *Bandy* v. *Frierson,* 138 *Ga.* 515 (75 S. E. 626); *Massachusetts Bonding & Insurance Co.* v. *Realty Trust Co.,* 139 *Ga.* 180 (77 S. E. 86); *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (86 S. E. 1087); *Thompson* v. *Webb,* 145 *Ga.* 129 (88 S. E. 684). It must be held that the case was pending in the trial court, and that the application for a stay was addressed to the proper court.

■ The judgment complained of was granted ex parte, without notice to the opposite party and without affording the opposite party an opportunity to be heard. It is true that the statute under which the application for a stay was brought makes no specific requirement as to notice and service, but the absence of such requirement in the statute does not remove the necessity for such notice. Indeed if the statute required a construction that service upon the opposite party and an opportunity to be heard were not authorized thereunder, then it would have to be held invalid because of this fact. Valuable rights can not be taken away by the courts of this land without notice and an opportunity to be heard. The due-process clause of the fourteenth amendment guarantees such notice and opportunity to be heard. The stay order excepted to must be held invalid, because it was issued ex parte without notice to the opposite party. We think the stay order is invalid for the further reason that the statute under which the application was brought was not intended to apply in a case like the present. Although the language of the statute is general and is unambiguous and is all-embracing, in that it says any action or proceeding may be stayed, it was not intended to serve as an instrument by which one in military service may endanger the peace, the health, and the lives of the people by staying any proceeding brought for the

purpose of protecting the general public. In *Brooks* v. *Brooks,* 185 *Ga.* 549, 554 (195 S. E. 869), it was said: "A court should never by construction add to, take from, or vary the meaning of unambiguous words in a statute. But the difference between application and construction should be kept before us. Such a distinction Mr. Justice Field had in mind, when, in delivering the opinion of the Supreme Court of the United States in the case of United States *v.* Kirby, 74 U. S. 482, 486-7 (19 L. ed. 278), he said: 'All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter.'" We are merely deciding that the terms of the statute here involved will not be applied, and were not intended by the Congress to be applied, where the man in military service is seeking to prevent the abatement of a condition which has been adjudged a common nuisance. It would be disappointing to most of those patriotic Americans now engaged in military service to know that by virtue of this statute public nuisances endangering the health and lives of the people back home were being perpetuated by a stay of proceedings to abate the same. The Congress of the United States could not enact a statute legalizing public nuisances throughout the land, nor could it enact a valid statute that would have this effect by staying any proceeding designed for the purpose of abating such public nuisance. It is observed that in the present case the proper authorities of the City of Cedartown, in a proceeding in which the defendant in error participated, adjudged the place in question to constitute a public nuisance, and ordered its abatement. From that judgment no appeal was taken, and it became binding upon all parties and constitutes an adjudication of the fact that the place is a public nuisance, all of which took place before the entry of the defendant in error into the military service of the United States.      *Judgment reversed. All the Justices concur.*