HOWARD *et al. v.* HOWARD.

JENKINS, Chief Justice. In an equitable proceeding to cancel a deed and for injunction to restrain the cutting of timber upon the land in controversy, the defendant, while submitting to the restraining order, invoked the relief afforded by the Soldiers' and Sailors' Relief Act of 1940 (50 U. S. C. A. § 521) to obtain a stay of the proceeding on the merits of the case as authorized by said act. Some fifteen months later the plaintiff, in an ex parte proceeding and without notice to the defendant, obtained an order authorizing the plaintiff to advertise and sell the timber on the land, and also an order revoking the stay of proceedings and ordering the case to trial. Counsel for the defendant thereupon filed his petition asking for a rule nisi and praying for a revocation of said ex parte order, on the ground that it had been rendered without notice and an

opportunity to be heard. Upon a hearing on said rule nisi, the defendant offered evidence that he was still in the armed forces and other evidence for the purpose of showing that his ability to conduct his defense would be materially affected by reason of his absence in the military service, in that he was stationed in Oklahoma, 1100 miles distant from the place of trial, and that he had peculiar knowledge of the facts in the case, which made it necessary that he be present to advise his counsel in the conduct of his defense. The trial judge thereupon revoked the part of his ex parte order allowing the timber to be advertised and sold, but affirmed and refused to set aside his order setting the case for trial. The case is before this court by direct bill of exceptions. *Held*:

1. The defendant in error contends that the bill of exceptions in this case is premature because the judgment denying the defendant's motion to set aside the ex parte order revoking the previously granted stay under the Soldiers' and Sailors' Relief Act is not a final judgment such as would authorize a direct bill of exceptions to this court. This contention is without merit. The only question raised by the petition to revoke the order revoking the stay is whether or not under the Federal statute such order was proper. No phase of the main case was involved in the motion. The case is therefore controlled in principle by the case of *City of Cedartown* v. *Pickett,* 194 *Ga.* 508, 511 (22 S. E. 2d, 318), wherein this court said with respect to an order granting a stay under the Soldiers' and Sailors' Relief Act: "The judgment is final *as to the subject-matter with which it deals,* to wit: *stay of proceedings as provided by the statute* . . . No case is left pending *in so far as the case is made by the application for a stay of proceedings;* and in this respect the judgment is the same as an interlocutory injunction and may be reviewed by a direct bill of exceptions." (Italics ours.) If it be contended that the *Pickett* case is not controlling for the reason that in that case the stay was *granted,* whereas in this case the order in effect operates to refuse a stay, it may be said that, not only does the language of that decision preclude any such distinction, but Code § 6-701 renders it completely applicable. That section provides: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause." Therefore, since the decision in this case, if it had been rendered in accordance with the contention of the plaintiff in error, would have stood precisely as that in the *Pickett* case, that is, subject to be carried to the appellate court by direct bill of exceptions, and since under the Code a contrary decision may be treated as final if the opposite rendition would have made it so, the decision as here actually rendered by the trial court must be regarded as final, and as coming strictly within the ruling made in the *Pickett* case.

2. It is provided by the Soldiers' and Sailors' Relief Act, 50 U. S. C. A. § 584, that "This Act shall remain in force until May 15th, 1945: Provided that should the United States be then engaged in a war, this Act shall remain in force until such war is terminated by a treaty of peace proclaimed by the President, and for six months thereafter." This court

will take judicial cognizance of the fact that the United States wa· ͡  ͡ ͞-gaged in active war on May 15, 1945, and that a treaty of peace has not thereafter been proclaimed by the President; and is therefore bound to give effect to the express provisions of the particular Federal statute now under consideration, which by its explicit terms would require that the stay of proceedings against the soldier be kept in force unless and until legally revoked.

3. Service on the opposite party and an opportunity to be heard is a prerequisite to the validity of an interlocutory order granting a stay of proceeding as authorized under the Soldiers' and Sailors' Relief Act. *City of Cedartown* v. *Pickett,* 194 *Ga.* 508 (supra). It follows that such notice and opportunity to be heard is likewise required on an interlocutory hearing had to revoke such a stay already granted. It appears from the record in this case that the order revoking the stay was purely ex parte. Therefore the judgment of revocation appears void on its face, with the result that the defendant soldier was entitled to have it set aside on motion although in thus moving he sought to show and in our opinion did in fact show that the order of revocation had been improvidently granted.

*Judgment reversed. All the Justices concur, except Atkinson, Wyatt, and Head, JJ., who dissent on the ground that the writ of error was premature, there being no final judgment in the case to which exception could be taken.*

No. 16197. MAY 12, 1948. REHEARING DENIED JUNE 18, 1948.

*Dobbs & Whitmire* and *Clifford Seay,* for plaintiffs in error. *Edwin Fortson,* contra.