LEVINE *v.* LEVINE.

No. 16327.   October 11, 1948.

*Isaac S. Peebles Jr.,* and *Fulcher & Fulcher,* for plaintiff.

*Curry & Curry* and *Nathan Jolles,* for defendant.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ The exception here is to an order staying the wife's proceeding for divorce and alimony and adjudicating that she elected to rescind a reconciliation agreement under which she had obtained a deed to an undivided half interest in described property, forbidding the prosecution by her of the pending proceeding until she had conveyed the property which she received under the deed

from her husband, and ordering her to execute such a reconveyance. The order or judgment is final as to the rights of the petitioner, which renders it reviewable by direct exceptions, although the main case has not been tried. It would subject her to punishment for contempt of court if not obeyed and would deprive her of the right to have her case tried, and if obeyed she might be precluded from thereafter complaining, because her obedience might constitute acquiescence. The writ of error is not premature. *Mendenhall* v. *Stovall,* 191 *Ga.* 452 (12 S. E. 2d, 589); *City of Cedartown* v. *Pickett,* 194 *Ga.* 508 (22 S. E. 2d, 318); *Howard* v. *Howard,* 203 *Ga.* 782 (48 S. E. 2d, 451).

■ It is provided in the Code, § 30-217, that subsequent cohabitation of the husband and wife shall annul and set aside all provisions made by deed or decree for permanent alimony, without affecting the rights of children. Subsequent cohabitation amounts to novation or cancellation of such agreement, and consequently all matters, including the deeds and decrees which are a part of the provision for alimony are thus nullified. But there is a vast legal difference in the effect of a reconciliation upon a deed made for the purpose of obtaining a reconciliation, and the effect of cohabitation upon a deed made for the purpose of providing alimony. In the present case, construing the evidence which was considered by the trial judge most favorably to the husband, it amounts to no more than that the deed in question was executed for a consideration of the wife becoming reconciled with her husband and returning to live with him. There is no provision in the deed, nor does it otherwise appear, that there was attached to the execution of the deed any condition subsequent. It appearing that the wife has paid and satisfied in full any consideration requiring her to become reconciled and return to her husband, she is, in virtue of that deed, the owner absolute of the title conveyed. *McQueen* v. *Fletcher,* 77 *Ga.* 444; *Lemon* v. *Lemon,* 141 *Ga.* 448 (81 S. E. 118); *Young* v. *Young,* 150 *Ga.* 515 (104 S. E. 149). It was not shown by any evidence that, by the terms of the reconciliation agreement or as a consideration for the deed in question, the wife obligated herself to remain for any fixed period of time with the husband. There is nothing in this record to even intimate that by accepting this deed and the husband's promise not to repeat his cruelties the wife thereby obli-

gated herself to remain with him for life regardless of any cruelty he might inflict and forego any claim which she might have for alimony. She alleges cruelty and describes the cruelties which have occurred since the separation. If restitution be a condition precedent to permitting the wife to charge the husband with cruelties preceding the first separation, then the jury could find against her only as to those previous cruelties, because she has neither restored nor offered to restore, but if they find that she proves cruelties subsequently to the reconciliation, they must grant her relief. It would be a novel legal principle that would compel this wife to suffer his breach or else, as a penalty for seeking redress, surrender that which he had freely given as an inducement for her return to him. There is no such law. Even in cases where agreements settling alimony have been entered and there has been a subsequent cohabitation, which under the Code section above cited would render null and set aside the deed or decree making provision for permanent alimony, it has been held that restitution of the property received under such an agreement is not a condition precedent to a wife's suit for divorce and alimony where there has been a later separation. *Powell* v. *Powell*, 196 *Ga.* 694 (27 S. E. 2d, 393); *Moss* v. *Moss*, 200 *Ga.* 8 (36 S. E. 2d, 431). It is, therefore, obvious that the rule requiring restitution as a prerequisite to rescission, and the rule providing that when an election of remedy has been made another inconsistent remedy will be denied, and the numerous decisions applying these rules cited in the brief of counsel for the defendant in error, are inapplicable here.

■ But in the interest of clarifying the question of procedure, we prefer to base our reversal of the judgment both upon the ruling in the preceding division of the opinion and the further ground that the trial judge in the circumstances shown was wholly without authority to render the judgment complained of. There is no provision of law for the trial judge to thus interrupt the orderly trial of such a case, and in the absence of a jury hear evidence touching a matter concerning which there is no prayer for relief, and based upon such evidence, irrespective of what it might show, enter a judgment prohibiting the petitioner from proceeding with her action and compel her to part with property, to which she has the legal title, as a condition precedent to fur-

ther prosecution of her case. But, upon the question whether or not the petitioner was in effect attempting to rescind a contract without making restitution, if both the law and the evidence were against her, the only legal procedure in such a case would be by demurrer or special plea, which would require a trial by a jury or trial of the main case with proper instructions to the jury, ending with a jury verdict and judgment of the court based thereon, and fixing the rights of the parties according to law. For the twofold reason that the evidence shows no ground for rescission, and the court was without lawful authority to render the judgment complained of, that judgment must be reversed.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*