40586. ACRES, by Next Friend v. KING et al.

PANNELL, Judge. 1. An order of the court under *Code Ann.* § 38-2105 requiring the payment of attorney's fees by one party to another on the taking of depositions is such a judgment as will support a bill of exceptions to this court. "A judgment may be rendered separable from a judgment disposing of the entire case, and yet be a judgment that is final as to some of the substantial rights of the parties. . . It is final when, as to the subject matter of the judgment, any of the substantial rights of the parties litigant are finally settled by the judgment." *Booth v. State of Ga.*, 131 Ga. 750, 756 (63 SE 502). *Mendenhall v. Stovall*, 191 Ga. 452 (1) (12 SE2d 589). That the holdings by Federal courts might be different under the Federal Rules of Civil Procedure is not controlling, as there is no provision under the law of this State, as there is in the Federal courts, for the taxing of such attorney's fees as court costs against the losing party in a final determination of the case. See, in this connection, Fred Benioff Co. v. McCulloch, 133 F2d 900 (1); Newton v. Consolidated Gas Co., 265 U. S. 78, 83 (44 SC 481, 68 LE 909).

2. Our rules relating to the taking of depositions, fashioned after the Federal Rules of Civil Procedure as to the same subject matter, make no provision as to which party pays the cost of taking depositions in the first instance. It would seem, however, that the party desiring the testimony, particularly where discovery is one of the purposes for taking the deposition, should be primarily responsible therefor in the absence of an order of the court to the contrary under *Code Ann.* § 38-2105 (b) or (d), and we so hold. See in this connection, In Re Coronet Metal Products Corporation, 81 FSupp. 500; Burke v. Central-Illinois Securities Corp., 9 F. R. D. 426 (1); Saper v. Long, 17 F. R. D. 491.

3. While it is true that the notice for the taking of the depositions in the present case by the plaintiff stated the deposition was for the purpose of cross examination of an adverse

witness (whose affidavit had been introduced as evidence by the defendant on defendant's motion for summary judgment) and no objection was made thereto by the defendant; yet, *Code Ann.* § 38-2101 (c) provides that "examination and cross examination of the deponents may proceed as permitted at the trial under the rules of evidence," and since a defendant under such circumstances has the right to examine the witness on redirect examination after the cross examination, *Cameron v. State,* 66 Ga. App. 414 (3) (18 SE2d 16), *Corbin v. State,* 81 Ga. App. 353, 357 (58 SE2d 485), the trial court did not err in overruling plaintiff's motion to limit the deposition to cross examination by plaintiff and in sustaining the motion of the defendant to continue the suspended examination of the witness and requiring plaintiff to pay the cost thereof.

4. The trial court, however erred in ordering the plaintiff to pay the defendant the sum of $100 for attorney's fees. It appears that at the taking of the depositions, after the cross examination by plaintiff, the defendant demanded the right to cross examine the witness, which the plaintiff refused to permit. After some discussion, plaintiff agreed that the defendant could question the witness, but only at defendant's expense. Upon motion of the defendant the taking of the deposition was suspended pending the decision of the matter by the trial judge upon the motions of the respective parties. It is our opinion that the action of the plaintiff under the circumstances does not show such bad faith as would authorize the imposition of attorney's fees for defendant's attorney, particularly when the defendant could have protected himself from abuse by examining the witness and then submitting the matter of the cost thereof for decision of the trial judge, rather than suspending the taking of the deposition which suspension resulted in the order for a further examination on another day. See, generally, in this connection, Sanib Corp. v. United Fruit Co., 19 F. R. D. 9; Yonkers Raceway, Inc. v. Standardbred Owners Association, Inc., 21 F.R.D. 3.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 14, 1964.

*J. E. Wilson,* for plaintiff in error.
*James A. Bagwell,* contra.