## 50637. MARCHMAN v. HEAD et al.

PANNELL, Presiding Judge.

This is an appeal from an order of the trial judge overruling appellant-complainant's objections to certain interrogatories propounded by the appellee-defendant and in finding that plaintiff's failure to answer said interrogatories was not substantially justified and ordered plaintiff to pay the sum of $50 attorney fees to defendant's attorney "as attorney fees caused by plaintiff's unjustified objections to defendant's interrogatories necessitating an appearance on the part of defendant's attorney before this court to present argument in opposition to said objections and motion." A motion was made to dismiss the appeal because of an absence of the certificate for review, citing *Louisville &c. R. Co. v. Clark,* 114 Ga. App. 755 (152 SE2d 694). *Held:*

1. A final judgment assessing attorney fees having been rendered, such judgment is sufficient to support an appeal. *Acres v. King,* 109 Ga. App. 571 (136 SE2d 510); *Millholland v. Oglesby,* 114 Ga. App. 745, 754 (152 SE2d 761). In *Louisville &c. R. Co. v. Clark,* 114 Ga. App. 755, supra, there was no such judgment. The motion to dismiss the appeal is denied.

2. The provisions of Section 34 (a) (4) of the Civil Practice Act (Ga. L. 1966, pp. 609, 650, as last amended by Ga. L. 1972, pp. 510, 530; Code Ann. § 81A-137 (a) (4)) relating to the assessment of expenses including attorney fees is made applicable to motions for a protective order under Section 26 (c) of the Civil Practice Act (Ga. L. 1966,

pp. 609, 635, as last amended by Ga. L. 1972, p. 510; Code Ann. § 81A-126 (c)) by the last sentence thereof to wit: "The provisions of section 81A-137 (a) (4) apply to the award of expenses incurred in relation to the motion."

The complaint alleged that the complainant was injured in an automobile collision due to the negligence of the defendants and the allegation as to her injuries is as follows:

"Petitioner shows that she sustained a sudden and dangerous, violent, traumatic shock to her entire body causing her to experience shocking and painful injury to her neck and back all of which rendered petitioner highly nervous and despondent followed by pain and frightful nervousness, due to said collision." She sought damages for pain and suffering, past, present and future. The interrogatories objected to were as follows:

"1. Have you ever been a patient in a hospital, infirmary, or clinic prior to the date of the incident complained of?

"2. If so, please describe each such hospitalization, etc., giving: (a) The dates of admission and discharge; (b) The name and location of each such hospital, etc.; (c) The reason for each such hospitalization, etc.; (d) The treatment that you underwent in such hospitalization; (e) The name of your chief attending physician, surgeon, or other practitioner of any healing art during such hospitalization, etc.

"3. Other than as fully shown in your answers to the preceding interrogatory, did you ever undergo any surgery before the date of the incident complained of in this complaint?

"4. If so, please describe each such surgery, giving (a) The date; (b) The place where the surgery was performed; (c) The nature of the surgery; (d) The attending surgeon and other physician. . . .

"10. If you have made any claim for personal injury, property damage, hospitalization, medical expenses, or disability (other than the claims made in this suit), please describe each such claim, giving the basis for each such claim, the date of each such claim, the amount so claimed, and the person, partnership or corporation against whom such claim was made."

An objection was made to each numbered interrogatory "on the grounds that said interrogatory is calculated for the purpose of annoyance, expense, embarrassment and oppression of the plaintiff because it requires her to furnish such information from the time of her birth to the present date and the plaintiff is 44 years old."

The interrogatories appear on their face to be very pertinent and relevant to an assessment of the validity and extent of the presently claimed bodily injuries and the pain and suffering occasioned therefrom; that is, whether the injury received in the collision alleged in the complaint is the occasion for such pain and suffering or whether such pain and suffering is the result, or partially the result, of prior bodily injuries, illness or surgery, or the treatment thereof. On their face the interrogatories appear perfectly proper and justified. The notice of appeal states: "There is no transcript of evidence and proceedings to be filed for inclusion in the record on appeal." There being no evidence aliunde the record before this court in proof or disproof of the factors of justification involved, we cannot say the trial judge abused his discretion in holding that plaintiff was not substantially justified in moving for a protective order and in assessing attorney fees based thereon.

3. A contrary ruling is not required by the decision of this court in *Acres v. King,* 109 Ga. App. 571, supra. In that case a plaintiff sought, by deposition, to cross examine an adverse witness. After the cross examination by the plaintiff had been completed, the defendant also sought to cross examine the witness and the plaintiff refused to permit the defendant to do so, but after some discussion agreed to let the defendant question the witness at defendant's expense. Upon motion of the defendant, the taking of the deposition was suspended pending a decision of the trial judge. The trial judge ordered the plaintiff to pay the defendant $100 in attorney fees. This court reversed the grant of attorney fees against the plaintiff saying: "It is our opinion that the action of the plaintiff under the circumstances does not show such bad faith as would authorize the imposition of attorney's fees for defendant's attorney, particularly when the defendant

could have protected himself from abuse by examining the witness and then submitting the matter of the cost thereof for decision of the trial judge, rather than suspending the taking of the deposition which suspension resulted in the order for a further examination on another day." *Acres v. King* is clearly distinguishable, therefore, from the present case where there is no transcript of the proceedings upon which to determine the question of the trial judge's abuse or lack of abuse of his discretion.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 8, 1975 — DECIDED JULY 16, 1975.

*Alfred D. Fears, Richard G. Milam,* for appellant.
*Beck, Goddard, Owen & Murray, Samuel A. Murray,* for appellees.