## 50855. GENERAL RECORDING CORPORATION v. CHADWICK.

DEEN, Presiding Judge.

This case represents an interlocutory appeal from an order granting the appellee the expenses and attorney fees incident to appearing in response to a notice to take depositions filed by appellant, where appellant failed to appear and failed to notify the appellee of the cancellation.

The order appealed from is not a final judgment and is not accompanied by a certificate of immediate review, as required by Code Ann. § 6-701 (a, 2). *D. C. E. v. State of*

*Ga.,* 130 Ga. App. 724 (204 SE2d 481).

Anything to the contrary in *Marchman v. Head,* 135 Ga. App. 475 is hereby disapproved. The *Marchman* case relies on *Acres v. King,* 109 Ga. App. 571 (136 SE2d 510). The *Acres* case, decided in 1964, followed *Booth v. State,* 131 Ga. 750 (63 SE 502) decided in 1908, both at a time when under Code § 6-701 (2) of the Code of 1933 and its predecessor § 5526 of the Code of 1895, a case was appealable if the judgment *would have been final* as to *some party thereto,* if rendered as *contended by the plaintiff in error.* Further, *Booth* involved a final judgment in a receivership and did not involve attorney fees. But Ga. L. 1968, pp. 1072, 1073, repealed Code § 6-701 (2) and put in its place the provision requiring certificates of immediate review for interlocutory orders; otherwise, the criterion is as stated in Code § 6-701 (1), that *the cause is no longer pending* in the trial court. An order for interrogatories or depositions is an interlocutory order. *L. & N. R. Co. v. Clark,* 114 Ga. App. 755 (152 SE2d 694). While the judgment as to attorney fees for attending the interlocutory hearing might have been "final as to some material party," i.e., the attorney, under the former law, it is obvious that the cause is still pending on its merits and requires a certificate of review to be viable.

*Appeal dismissed. Bell, C. J., Evans, Stolz, Webb and Marshall, JJ., concur. Pannell, P. J., Quillian and Clark, JJ., dissent.*

ARGUED JULY 1, 1975 — DECIDED SEPTEMBER 23, 1975 — REHEARING DENIED OCTOBER 21, 1975 —

*Gilbert H. Deitch,* for appellant.
*Daryl G. LeCroy,* for appellee.

PANNELL, Presiding Judge, dissenting.

I dissent from the judgment of dismissal of the present case and the overruling of *Marchman v. Head,* 135 Ga. App. 475 which followed *Acres v. King,* 109 Ga. App. 571 (136 SE2d 510), and the erroneous distinction of *Acres v. King* and *Booth v. State,* 131 Ga. 750 (63 SE 502), which was followed and cited in *Acres v. King,* supra. I do so

because in my opinion the decision here is controlled by *Booth v. State,* 131 Ga. 750, supra, and *Levine v. Levine,* 204 Ga. 313 (1) (49 SE2d 814) and cases cited therein. I feel the decision on the point involved is critical and important. We have substantially adopted the Federal Rules of Civil Procedure (but not all of them) which rules contain many rules applicable to equity cases, now applicable to cases at law and which rules are compatible with the Federal Rules of Appellate Practice, but which are not compatible with our Rules of Appellate Practice. If by adopting the Federal Rules of Civil Procedure we have empowered trial judges to issue orders requiring payment of sums of money or the disposal of property by one of the parties or his attorney to another party or his attorney (the attorneys are not even parties to the case), then we must, as appellate courts give relief to such parties upon direct appeal where the appellant would be guilty of contempt of court in refusing to obey the order to pay, and upon which judgment and execution may issue, be levied, and a party's property sold before the "cause" was finally determined. This, the Supreme Court of this State did in *Booth* and *Levine,* and cases cited therein.

The majority opinion misconstrues the basis of the holding in *Booth v. State,* 131 Ga. 750, supra, in attempting to say that the *Booth* case is based upon the provisions in the prior appellate practice statutes which stated that a judgment final as to a material party in the case, or a judgment which would have been final if rendered as claimed, was appealable under the statute. This is not a valid distinction as I will presently demonstrate. Our older statute was different in the respects claimed, but *Booth* was not based on those provisions. Let us examine the prior statutes and the present statute, insofar as they may be applicable to the present case. Former Code § 6-701 provided in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto . . ." The Act of 1946 (Ga. L. 1946, pp. 726, 730)

amended Code § 6-701 but not in any matters material to the case now before the court. This was the status of the law when the *Levine* case was decided in 1948. The present law, so far as here material provides for appeal "Where the judgment is final — that is to say — where the cause is no longer pending in the court below." The record in the *Booth* case (which I have examined) and the decision in that case show that the cause was still pending in the court below between the parties on appeal and that the decision in permitting appeal and holding the judgment was final in that case was not based upon the proposition that it was final as to some material party thereto or that it would have been final if rendered as claimed by the appellant or plaintiff in error, but it was based upon the fact that the order of the court ordering disbursement of part of the money in the hands of the receiver, even though the "cause" be still pending, was a final appealable judgment.

The *Booth* case originated in an action seeking the appointment of a receiver against Neal Bank Corporation. The State of Georgia intervened, alleging the bank was indebted to it, as a depository of the State of Georgia, in the sum of $204,373.98, praying that said sum be paid over to the state. *Booth* and other intervenors, also depositors, filed objections thereto, and were made parties plaintiff by the order of the court.

The state had on deposit when the receiver was appointed the sum of $192,502.98, and claimed a deposit in the name of T. C. Floyd in the amount of $11,871.08. The trial judge entered an order directing the receiver to disburse to the state $192,502.98, less $25,000 owed by the state to the bank, the order further stating: "[s]o much of the intervention as relates to the $11,871.08 deposited by T. C. Floyd and claimed by the State is reserved for further consideration and order."

There was no assignment of error in the bill of exceptions on the failure or the refusal of the trial judge to order the disbursement of the $11,871.08. It is obvious, therefore, that the question of priorities between the intervenors and the state as to this feature of the case was left pending, and the question on appeal *did not* involve the final disposition of the case "as to a material party" or

a disposition which would have been final if done as claimed by the appellant (plaintiff in error). Some of the language used in the discussion of appealable judgments in the case clouded the issue but in my mind the case is clear that the ruling is not based upon these features of the statute in existence at that time. We quote from *Booth,* p. 756, as follows: "The real question involved is, whether or not this judgment is merely interlocutory in its nature, or final in its nature. Counsel for both parties seemed to treat it as a final judgment that can be reviewed under a direct bill of exceptions, and therefore not interlocutory. We are clearly of the opinion that this view is correct. It is difficult sometimes in actions on the equity side of the court, especially in cases of receivership, to determine whether an order is administrative in its character, resting in the sound discretion of the chancellor, or final in its nature. To be final it does not necessarily mean that the judgment disposes of the entire case. A judgment may be rendered separable from a judgment disposing of the entire case, and yet be a judgment that is final as to some of the substantial rights of the parties as contended for in their pleadings. It is final when, as to the subject-matter of the judgment, any of the substantial rights of the parties litigant are finally settled by the judgment. It then fails to be merely an administrative order, lying in the discretion of the court, and open for modification at any time . . . The contention of the State under the pleading was, that the State had a prior lien or preference for the debt due it by the bank, and it asked for a judgment establishing this priority and directing the receiver to pay off the indebtedness. The plaintiffs in error, contesting creditors in the court below, denied this claim of priority, and set up other facts as matters of defense, and resisted the rendition of a judgment to pay off the State's claim. The court settled by this judgment these issues raised by the pleadings, under the evidence submitted. The judgment as to the priority of the State's claim over other creditors, and as to the disposition of the $192,502.90 ordered to be paid to the State, was a final disposition of the case. Only one other issue was left in the case, and that was whether the balance of $11,871.08 claimed by the State was a debt due

the State. It was as much a final judgment as it would have been had this issue also been settled by the court; the only difference being, had this issue also been determined, it would have been a final disposition of the case as made by the State's intervention and the answer thereto. It was a judgment as to the subject-matter of the same, finally adjudicating and settling the rights of the parties litigant under the pleadings; and if the plaintiffs in error had been successful in their contention under the pleadings in the court below, it would have been a *final disposition* of the entire case made by the intervention and the answer thereto."

The last sentence of the above is dictum in the case and is not a part of the holding. It is speculation as to the proposition that under any theory, if the last sentence were true, no misunderstanding could be had. The distinction of the majority seems to me to be based on this dictum.

The distinction offered by the majority as to *Booth v. State,* supra, is from the decision itself and the record thereof patently without merit.

In *Levine v. Levine,* 204 Ga. 313 (1), supra, it was held that an order of the trial judge in an action by a wife against her husband for divorce and alimony, ordering her to reconvey to the husband property she had received in a prior settlement between them, at a hearing held prior to the trial of the case and ordering the case stayed until she complied therewith, was held sufficient to support an appeal (bill of exceptions), it being a final judgment, although the case be left pending. The first headnote in that case reads as follows: "Where in a proceeding by a wife for divorce and alimony, after both parties have announced ready and a jury has been impaneled for trial, the court, on motion of the defendant, after hearing evidence enters an order requiring the petitioner to convey property, to which she holds legal title, to the defendant husband, and provides that until such conveyance is made the petitioner will not be allowed to prosecute the proceeding, such an order is final in nature and is reviewable in the Supreme Court, although there has been no trial on the main proceeding." Division No. 1 of the same opinion reads as follows: "The exception

here is to an order staying the wife's proceeding for divorce and alimony and adjudicating that she elected to rescind a reconciliation agreement under which she had obtained a deed to an undivided half interest in described property, forbidding the prosecution by her of the pending proceeding until she had conveyed the property which she received under the deed from her husband, and ordering her to execute such a reconveyance. The order or judgment is final as to the rights of the petitioner, which renders it reviewable by direct exceptions, although the main case has not been tried. It would subject her to punishment for contempt of court if not obeyed and would deprive her of the right to have her case tried, and if obeyed she might be precluded from thereafter complaining, because her obedience might constitute acquiescence. The writ of error is not premature. *Mendenhall v. Stovall,* 191 Ga. 452 (12 SE2d 539); *City of Cedartown v. Pickett,* 194 Ga. 508 (22 SE2d 313); *Howard v. Howard,* 203 Ga. 782 (48 SE2d 451)."

It may be well to note here that the *Mendenhall* case, cited in the above quote from the *Levine* case, was a case involving an appeal from an order requiring the payment of attorney fees. The Supreme Court of this state inquired into its jurisdiction and in holding such order was a final judgment while other issues were pending in the court said: "Rulings on demurrers and on procedure may be adequately protected by exceptions pendente lite, and if reversed on final review the losing party may again assert his rights without injury; but any ruling which deprives a party of his money or property and delivers it over to the other party, unless superseded, may easily do irreparable injury to such party. If the trial court would grant a supersedeas upon the filing of exceptions pendente lite to such rulings, then a review could await final judgment in the main case without doing injury to the party required to pay out his money. But a vital right of a litigant in the absence of a statute controlling the same, must never be dependent upon the choice of the trial judge. Such protection must not be one of grace, but rather of absolute right. Therefore, as the only adequate protection against injury from such judgment, the losing party is entitled to a review by direct bill of exceptions and to supersede such

order as provided in the Code, § 6-1002. In the present case, had plaintiff's counsel received the money awarded by the judgment under review, and had the defendant excepted pendente lite, and had this court reversed the judgment now excepted to, on review after final judgment in the main case, the defendant would have been confronted with the necessity of either collecting or losing his money. Hence it must be held that the plaintiff in error is entitled under the law to a review of the judgment complained of by direct bill of exceptions, although other portions of the case are yet undisposed of in the trial court." Can we do less in the present case where the appellant may be held in contempt of court, or an execution issued and levied upon his property? If he pays the attorney fees, what recourse does he have on final judgment? Is not the question then moot?

As was said in *Acres v. King,* 109 Ga. App. 571, supra: "That the holdings by Federal courts might be different under the Federal Rules of Civil Procedure is not controlling, as there is no provision under the law of this State, as there is in the Federal courts, for the taxing of such attorney's fees as court costs against the losing party in a final determination of the case. See, in this connection, Fred Benioff Co. v. McCulloch, 133 F2d 900 (1); Newton v. Consolidated Gas Co., 265 U. S. 78, 83 (44 SC 481, 68 LE 909)." Our courts have no such jurisdiction. Whether or not the ruling here would be different, where multiple claims or multiple parties are involved in a proceeding, under Section 54 of the Civil Practice Act (Ga. L. 1966, pp. 609, 658; Code Ann. § 81A-154) it is not necessary to decide.

It is my opinion, therefore, that *Acres v. King* and *Marchman v. Head* were correctly decided and we are bound by the rulings in *Booth v. State* and *Levine v. Levine,* supra, and the cases cited therein.

I am authorized to state that Judges Quillian and Clark concur in this dissent.