## A97A1074. CARSON v. CARSON.
### (487 SE2d 447)

BIRDSONG, Presiding Judge.

Appellant/defendant Vera Mapp Carson appeals from the final order of divorce, entered by the superior court, as to the limited appellate issues of lack of an award of attorney fees, regarding post-temporary hearing representation, and from the superior court's modification and changing of the terms of a previous order entered for payment of temporary attorney fees. Appellant did not request and the appellate record does not include a transcript of either the temporary hearing at which temporary attorney fees were originally awarded or that portion of the trial record containing the subsequent hearing pertaining to attorney fees.

Appellee/plaintiff Stanley Carson filed for divorce; service initially was not completed. Appellant, through present counsel, filed a motion to dismiss upon special appearance; a hearing was held and the motion denied. Fifteen months after filing the divorce complaint, appellee executed out-of-state service on appellant; appellant filed an answer and a rule nisi was filed setting a date for a temporary hearing. Appellant then filed a motion to dismiss alleging that the out-of-state service had been defective and that a reconciliation of the marital status had occurred. Appellee responded by filing an amendment to divorce and served it on appellant on the day of filing. Appellant filed an amendment to the answer to the complaint for divorce and in the alternative an answer to the amendment to the complaint for divorce, a demand for jury trial and an amendment to the motion to dismiss. Upon hearing on the motion, an order was entered denying appellant's motion. Thereafter, a temporary hearing was held to determine issues of custody, child support, alimony and attorney fees. The hearing judge entered an order which, in part, awarded appellant temporary attorney fees in the amount of $2,000 payable within 60 days. Appellee objected to the award and to other portions of the order and filed a motion for reconsideration; one of the several issues presented therein was the award of attorney fees. Appellant filed a response to the reconsideration motion. The case was tried by jury. Prior to the return of the verdict, appellant moved for additional attorney fees for post-temporary hearing representation. After the verdict but prior to the entry of final judgment, appellant requested a written finding on the issue of the additional attorney fees. Judgment was entered; however, no written finding was made on the issue of

additional attorney fees and the award of $2,000 temporary attorney fees was modified to extend the due date to one year and eight months (payable in $100 monthly installments). *Held*:

1. Appellant's brief contains references to item numbers in the index to the record rather than direct cites to the page of the record to which appellant is referring. Court of Appeals Rule 27 (a) (1), requiring "a citation of such parts of the record or transcript essential to a consideration of the errors complained of," means that page citations to the trial record and transcript shall be provided. References to index items do not meet these requirements and diminishes this Court's ability to find rapidly critical documents and testimony in records and transcripts; such practice should be discontinued forthwith.

2. Appellant contends the trial court erred in modifying and changing the terms of the order awarding temporary attorney fees. "This court will not control the discretion of a trial judge in awarding temporary alimony and attorney fees '. . . unless it can be clearly shown by the appellant that the trial court committed grievous error or a gross abuse of discretion.' [Cit.]" *Bowman v. Bowman*, 242 Ga. 259, 260 (248 SE2d 654); see also *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79). Absent the temporary hearing transcript and that portion of the trial transcript pertaining to the award of attorney fees, we cannot determine whether such an abuse occurred. Both error and harm must be shown affirmatively by the record to obtain reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). Moreover, when a portion of the evidence bearing upon an appellate issue is not brought up so that this Court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance of that issue must result. *Nodvin v. West*, 197 Ga. App. 92, 97 (3) (c) (397 SE2d 581); compare *Young v. Young*, 227 Ga. 570, 571 (1) (181 SE2d 867); *Marchman v. Head*, 135 Ga. App. 475, 477 (2) (218 SE2d 151), overruled on other grounds, *Gen. Recording Corp. v. Chadwick*, 136 Ga. App. 213, 214 (220 SE2d 697). Appellant has failed to carry her burden as to this enumeration of error.

3. Appellant contends the trial court erred in failing to make findings of fact, as requested, regarding the issue of additional attorney fees (for representation subsequent to the temporary hearing). In view of our holding in Division 2 above, we conclude that had error occurred as asserted in appellant's second enumeration of error that it would be harmless. By failing to provide this Court with the requisite transcripts, we must assume as a matter of law that the trial court's rulings regarding attorney fees were correct and affirm them. See generally *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500);

*Nodvin*, supra; *Attwell v. Heritage Bank &c.*, 161 Ga. App. 193, 194 (291 SE2d 28); see *Young*, supra. The mere existence of findings of fact would not change this result. This enumeration as crafted is without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 3, 1997.

Before Judge George.

*Katrina L. Breeding*, for appellant.
*M. V. Booker*, for appellee.