## A00A0569. COLDEN et al. v. STATE OF GEORGIA.
(536 SE2d 820)

SMITH, Presiding Judge.

This appeal from a judgment in favor of the State in a property forfeiture case presents a procedural quagmire, combining the loss of all or part of the file, an indefinite stay of the proceedings, a motion to suppress filed by appellants Douglas Colden and Valerie Knowles, and a single omnibus hearing combining evidence and argument on the motion to suppress, a motion to dismiss, a motion for summary judgment, and the State's case for forfeiture. Colden and Knowles appeal, enumerating as error the denial of their motion to suppress and the stay of proceedings. We do not reach the issue of the motion to suppress[1] because we conclude that the trial court erroneously conducted the omnibus hearing without lifting the stay of proceedings. We therefore vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

This action commenced with the State's complaint for forfeiture in October 1997. In January 1998, the State moved for a stay of proceedings pending the outcome of the related criminal prosecution. At the time of the hearing on the State's motion to stay, it was discovered that the file was missing. At the conclusion of that hearing, the trial court granted the motion and stayed the civil forfeiture proceedings until the completion of the criminal prosecution. Neither the motion to stay nor the order granting the motion to stay appears in the record, but this may well be due to the loss of the file. Moreover, the existence of the stay is apparent from the conduct of the parties and the court in abiding by the court's ruling for over a year.

After 16 months, the case inexplicably appeared on a trial calendar. At that time, the file apparently still had not been found. Moreover, according to the statement of appellants' counsel at the omnibus hearing, the related criminal matter was not yet resolved. No charges had been brought against Knowles, the original accusation against Colden had never been pursued, and Colden had never been indicted. The State itself acknowledged at the hearing that this characterization of the status of the criminal matter was accurate, saying

---

[1] The motion to suppress presents numerous problems of its own. The search warrant and affidavit in support apparently were contained in the lost file, because the State did not present them or introduce them into evidence. The testimony of the arresting officer may well have been inadequate to substitute for the missing warrant and affidavit, particularly with regard to facts supporting the reliability of an anonymous informant. And despite appellants' request, the trial court never entered a ruling on the motion to suppress. We also note with disapproval the State's material misstatements in its original brief to this court regarding the whereabouts of the warrant and affidavit and its filing of an "amended brief" without explanation or excuse after appellants challenged the State's version of the facts. But we do not reach any of these issues.

that "the very reason that the motion for stay was originally granted still remains a valid reason." But nothing in the transcript or the record indicates that the trial court considered the continuing pendency of the criminal matter in the context of the stay, or the continuing pendency of the stay itself.

The hearing nevertheless proceeded without any order from the trial court lifting the stay of proceedings. After hearing all the testimony, the trial court did not expressly deny the motion to suppress, ruling simply that "the state has made out a proper case." In a written order, the trial court denied appellants' motion to dismiss and for summary judgment and entered judgment in favor of the State.

But just as notice and an opportunity to be heard are required before a stay is imposed, "such notice and opportunity to be heard [are] likewise required on an interlocutory hearing had to revoke such a stay already granted." *Howard v. Howard*, 203 Ga. 782, 784 (3) (48 SE2d 451) (1948). In *Howard*, the order revoking a stay under the Soldiers' & Sailors' Civil Relief Act, 50 USC § 521, was taken ex parte. The Supreme Court held that a judgment entered after the improper lifting of the stay was void on its face and that the prejudiced party was entitled to have it set aside. Id. Similarly, a judgment entered in violation of the automatic bankruptcy stay of 11 USC § 362 was "void ab initio, was without effect, and was an absolute nullity." *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997).

Here, one thing — perhaps the only thing — that is clear in the chaotic and incomplete record presented for this court's review is that the stay of proceedings was never lifted despite the continued and acknowledged lack of resolution of the related criminal prosecution. Moreover, to rule on the issue of a stay of proceedings in a case without any notice to the parties or opportunity to be heard presents significant due process concerns. See *City of Cedartown v. Pickett*, 194 Ga. 508, 512 (3) (22 SE2d 318) (1942). The judgment taken without an order lifting the stay and without notice and an opportunity for the parties to be heard on the issue of the stay was void and without effect. We therefore vacate the trial court's judgment and remand for further proceedings consistent with this opinion. On remand, the trial court must first determine whether the stay remains appropriate, particularly in light of the lapse of time and the apparent nonprosecution of the underlying criminal matter. If the stay is lifted, the remaining issues in this litigation may be considered after adequate notice and the opportunity for all parties to be heard.

*Judgment vacated and case remanded with direction. Pope, P. J., and Miller, J., concur.*

Decided July 5, 2000 

*Herbert Shafer*, for appellants.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.