A02A1637. CHASE MANHATTAN BANK v. LaFRAY.
(573 SE2d 435)

POPE, Senior Appellate Judge.

We granted the Chase Manhattan Bank's discretionary appeal of a state court's order denying its motion to set aside a default judgment in this complex garnishment case. The issue turns on the effect of a stay granted by the trial court in the second of two garnishment proceedings.

Kenneth C. LaFray sued Scott Crownover and obtained a money judgment. LaFray then filed a garnishment proceeding (the "first garnishment proceeding") naming Crownover as defendant and Crownover's employer, Atlantic Mutual Insurance Company, as the garnishee, seeking to collect on the judgment. Atlantic Mutual failed to answer, and LaFray obtained a default judgment pursuant to OCGA § 18-4-90. LaFray then filed another garnishment proceeding (the "second garnishment proceeding") naming Atlantic Mutual as defendant and its bank, Chase Manhattan, as the garnishee, seeking to collect on the judgment against Atlantic Mutual.[1]

---

[25] See *Jordan v. State*, 247 Ga. App. 551, 554 (2) (544 SE2d 731) (2001).
[26] See *Randall v. State*, 234 Ga. App. 704, 706 (2) (a) (507 SE2d 511) (1998).
[1] Wachovia Bank was also named as a garnishee in the second garnishment proceeding, but is not a party to this appeal.

Atlantic Mutual filed a motion to set aside the judgment in the first garnishment proceeding pursuant to OCGA § 9-11-60 (d). Then Atlantic Mutual filed a traverse in the second garnishment proceeding pursuant to OCGA § 18-4-65 (b),[2] stating that it was challenging the validity of the judgment entered in the first garnishment proceeding in the appropriate forum and requesting "that [the second] garnishment be released and stayed" until the validity of the default judgment in the first garnishment proceeding could be determined. The court signed a consent order agreed to by LaFray and Atlantic Mutual, but not Chase, whereby the garnishment proceeding was stayed. The order did not provide that the garnishment was also released. The stay was filed before Chase's answer as garnishee was due in the second garnishment proceeding, and Chase did not file an answer.

Despite the existence of the stay, LaFray took a default judgment against Chase in the second garnishment proceeding. Chase then filed a motion to lift the stay for the limited purpose of filing a motion to set aside the default judgment on the ground that it was relieved from answering because of the existence of the stay. The trial court denied Chase's motions and held that default judgment was properly entered against Chase in the amount of $145,636.83. Chase appeals from that order.[3]

Chase contends the default judgment is void because it was entered while a stay was in effect. Generally, a judgment entered while a stay is in effect is void ab initio. *Colden v. State of Ga.*, 244 Ga. App. 793, 794 (536 SE2d 820) (2000). The only issue is whether a stay in a garnishment proceeding operates any differently.

The trial court noted that it "stayed" the proceeding and did not "release" the garnishment and that the consent order was only meant to benefit LaFray and Atlantic Mutual. The court then held that a stay in a garnishment proceeding does not relieve a garnishee from its statutory obligation to answer unless the order also releases the

---

[2] The validity of the judgment upon which a garnishment is based may only be challenged in accordance with [the Civil Practice Act]; and no such challenge shall be entertained in the garnishment case. However, where the court finds that the defendant has attacked the validity of the judgment upon which the garnishment is based in an appropriate forum, the judge may order the garnishment released and stayed until the validity of the judgment has been determined in such forum.

[3] Since Chase appealed, Atlantic Mutual has succeeded in attacking the default judgment against it in the first garnishment proceeding. In other words, the underlying judgment for the second garnishment proceeding, the one now before this Court, has been dismissed, and LaFray's application for an interlocutory appeal has been denied. Accordingly, the second garnishment proceeding has been released and dismissed. The only part of that proceeding remaining is the question before us of whether LaFray can enforce the default judgment entered earlier against Chase.

garnishee. See OCGA § 18-4-80.[4] That Code section provides that a release of a summons of garnishment relieves the garnishee from the obligation to file an answer, and OCGA § 18-4-6[5] explains when a release is available. The court explained that because the law of garnishments must be strictly construed, see *Terrell v. Fuller*, 160 Ga. App. 56, 58 (286 SE2d 50) (1981), nothing other than a release can provide the same relief. Furthermore, if a stay relieved the garnishee from answering, the plaintiff's rights to the defendant's property in the garnishee's possession would be jeopardized.

With regard to the latter argument, the garnishment statutes provide that the plaintiff is protected by the effect of the service of a summons of garnishment through the time of the garnishee's answer. All of the debts owed to the defendant by the garnishee, all of the defendant's property in the garnishee's possession at the time of service of the summons, and all of the same accumulated by the garnishee through the date of the garnishee's answer are subject to the process of garnishment, with certain exceptions not relevant here. OCGA § 18-4-20 (b), (c). Thus, a stay of the garnishee's answer does not allow the garnishee to return to the defendant any of the defendant's property.

Second, we find unpersuasive the argument that only a release relieves the garnishee from answering and that a stay does not. This reasoning is inconsistent with the statutory scheme of the garnishment statutes. A release would relieve the garnishee from having to maintain possession of the defendant's property because a release allows the garnishee to deliver that property to the defendant. OCGA § 18-4-80. Under LaFray's reasoning, a judge overseeing a garnishment would have no authority to extend the time by which the garnishee has to answer, either through the use of a stay or a continuance, unless the court also released the garnishee. In that case, the plaintiff would lose all rights in the defendant's property completely. Although a court has the authority to release and stay the garnishment, OCGA § 18-4-65 (b), we find nothing to prevent the court from issuing a stay only.

Here, a stay was entered and never lifted. "But just as notice and

---

[4] "A release of summons of garnishment shall relieve the garnishee from any obligation to file an answer to any summons of garnishment pending on the date of the release. . . . A release shall not operate as a dismissal of the garnishment proceedings."

[5] It shall be the duty of the clerk of the court in which garnishment proceedings are pending to issue a release of garnishment if: (1) The plaintiff or his attorney so requests in writing; (2) The amount claimed due together with the costs of the garnishment proceeding are paid into court; (3) A dissolution bond is filed by the defendant and approved by the clerk as provided for in this chapter; (4) A judge shall enter an order, after a hearing required by this chapter, directing that the garnishment be released; or (5) The garnishment is dismissed.

an opportunity to be heard are required before a stay is imposed, 'such notice and opportunity to be heard (are) likewise required on an interlocutory hearing had to revoke such a stay already granted.' [Cit.]" *Colden*, 244 Ga. App. at 794. Accordingly, the default judgment entered against Chase is void and without effect. This case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 25, 2002 ▮

*Rogers & Hardin, John J. Almond, Kerry H. Joedecke,* for appellant.

*Frederick J. Hanna & Associates, Frederick J. Hanna, Roy D. Reagin, Jr., Jerry C. Tootle, Jr.,* for appellee.