24680. WILSON et al. v. McQUEEN.

ARGUED JUNE 11, 1968—DECIDED JUNE 20, 1968.

*LeRoy C. Hobbs, Ben J. Camp,* for appellants.

*Samuel D. Hewlett, Jr., L. Paul Cobb, Jr., Florence Hewlett Dendy,* for appellee.

GRICE, Justice. We determine here whether an order superseding a prior judgment, which sustained general demurrers to a petition, tolls the time within which to appeal from the prior judgment.

The Court of Appeals (one Judge dissenting) held that it did, based upon the facts which follow.

Suit was brought in the Civil Court of Fulton County by Butterfly McQueen against Clarence T. Wilson and Stone Mountain Plantation, Inc.

On June 27, 1967, the trial court entered a judgment sustaining the defendants' general demurrers to the plaintiff's petition and dismissing it. On June 30 the defendant filed a motion for reconsideration, and on that same date the trial court entered an order which recited "Let this order be a supersedeas to the [judgment] entered June 27 . . . until further order. . ."
On July 26, the trial court entered an order which recited that upon reconsideration the general demurrers were sustained and the petition was dismissed. On August 25, the plaintiff filed notice of appeal from the judgment of June 27 and also from the judgment of July 26.

The defendants moved to dismiss the appeal on the ground that the notice of appeal was not timely, being filed more than 30 days after entry of a final and appealable order. This motion was denied by the Court of Appeals (117 Ga. App. 488 (161 SE2d 63)), and we granted the defendants' application for certiorari.

From these facts the following issue of law is presented: Where a final and appealable judgment on demurrers is entered but is ordered to be superseded until further order and a second judgment is subsequently entered, is a notice of appeal filed more than 30 days after the original judgment timely?

In our view the clear answer to this is embodied in Section 5 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21, as amended; *Code Ann.* § 6-803), which provides in material part as follows: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."

From this section of the Act it is manifest that the General Assembly intended that a notice of appeal must be filed within 30 days after entry of the appealable judgment complained of, except where there is filed (1) a motion for new trial, (2) a motion in arrest of judgment, or (3) a motion for judgment notwithstanding the verdict. A supersedeas is thus not among those exceptions which automatically extend the filing date for notices of appeal. See *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *Bailey v. State,* 224 Ga. 48 (159 SE2d 286).

Here, it is significant that the original judgment was not set aside or vacated, but was only superseded. We cannot agree that the supersedeas proceeding was in effect a motion for new trial, so as to comprise one of the three exceptions in Section 5 of the Appellate Practice Act, supra.

For the foregoing reasons, we conclude that the judgment of the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur.*