### 43911. HOGAN v. THE STATE.

BELL, Presiding Judge. Defendant was convicted and sentenced on August 22, 1967, for the offense of possessing burglary tools. The trial court overruled his motion for new trial on January 30, 1968. On February 14 defendant filed a motion for rehearing on the motion for new trial and on February 19 filed an amendment to the motion for new trial, which had been previously overruled. On March 13 the trial court entered an order striking the amendment from the record and

dismissing the motion for rehearing. Defendant filed notice of appeal on April 3. *Held:*

Section 5 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21, as amended; *Code Ann.* § 6-803) provides in part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." The trial court's judgment of January 30, 1968, overruling the motion for new trial was not set aside or vacated. As that judgment finally disposed of the motion, it was necessary, in order to comply with clear terms of the Act, to file notice of appeal within 30 days after the judgment was entered or to obtain an extension under Section 6 (*Code Ann.* § 6-804). The date for filing a notice of appeal is not automatically extended by proceedings following a final judgment except in those instances specifically set forth in Section 5 of the Act. *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313). The Act contains no provision which would permit the time for filing a notice of appeal to be extended further by filing a motion for rehearing after a motion for new trial has been overruled where the judgment overruling the motion is not vacated. As this appeal was not filed within the time required by the Appellate Practice Act, the motion to dismiss brought by appellee's council is granted.

*Appeal dismissed. Quillian, J., concurs. Hall, J., concurs specially.*

SUBMITTED SEPTEMBER 6, 1968—DECIDED SEPTEMBER 26, 1968.

*John H. Ruffin, Jr.,* for appellant.

*George Hains, Solicitor General, E. Freeman Leverett,* for appellee.

HALL, Judge, concurring specially. The General Assembly of Georgia has stated that the intent of the Appellate Practice Act of 1965, as amended, was that the Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case." I personally have tried to follow this precept not only since 1965 but during my four years of service on this court at a time when an appeal

was in the form of a writ of error. However, regardless of my personal opinion I must follow *in invitum* the decision of the Supreme Court in *Wilson v. McQueen*, 224 Ga. 420 (162 SE2d 313) and concur in the dismissal of the appeal in this *criminal* case based upon a tickey technicality.

BELL, Presiding Judge. *Addendum.* It is as elemental as ABC that the Court of Appeals is bound by decisions of the Supreme Court. That is why the case was written as it was. No other explanation was necessary.