### 26456. YOUNG v. YOUNG.

NICHOLS, Justice. Louis M. Young, Sr. filed a complaint seeking a divorce from Mary G. Young. The complaint also sought title to an eight-acre tract of land with a brick home located thereon. Four days after the plaintiff's complaint was served, the defendant filed an answer in which she sought a divorce from the plaintiff as well as temporary and permanent alimony. A hearing was set on the plaintiff's complaint and at such hearing temporary alimony, including attorney's fees, was awarded the defendant wife. Thereafter the plaintiff husband, who was not present or represented at the hearing requested by him, moved to have the award of temporary alimony set aside. A hearing was held and such relief denied. The notice of appeal filed within 30 days of the grant of temporary alimony to the wife specifies that the appeal is from the original award of temporary alimony as well as the judgment refusing to vacate such

judgment upon motion for reconsideration. *Held:*

1. The record contains no transcript of the evidence adduced at the original hearing wherein temporary alimony was awarded the wife. Under decisions exemplified by *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88), the enumerations of error relating to such judgment fail to present any question for decision.

2. The enumerations of error relating to the judgment refusing to vacate and reconsider the former award of temporary alimony cannot be considered since they are not based upon an appeal from an appealable judgment. Compare *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313); *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241).

(a) Nor can such enumerations of error be reviewed based upon the notice of appeal from the original judgment granting temporary alimony since all such enumerations of error relate to actions of the trial court taken after the appealable judgment was rendered (see *Graham v. Haley,* 224 Ga. 498 (4) (162 SE2d 346)), and such actions do not relate to one of the exceptions provided by law. See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137).

*Judgment affirmed. All the Justices concur.*
Submitted April 12, 1971—Decided May 6, 1971.

*John N. Crudup,* for appellant.
*Sam S. Harben, Jr.,* for appellee.