## 48951. BERNATH BARREL & DRUM COMPANY, INC. v. OSTRUM BOILER SERVICE, INC.

PANNELL, Judge.

Ostrum Boiler Service, Inc. brought a complaint against Bernath Barrel & Drum Company, Inc., seeking recovery of $22,500 on an account for a furnace installed and $3,887.42 for a conveyor system installed in defendant's plant. The defendant filed its answer denying the material allegations of the indebtedness of the complaint and also filed a counterclaim in three counts

claiming $25,000 damages in each count. On April 18, 1973, the jury returned a verdict for plaintiff in the amounts sued for with no express mention made as to the defendant's counterclaim. On the same date, judgment was rendered accordingly against the defendant. On May 1, 1973, execution issued on the judgment. Defendant filed a motion for new trial on May 17, 1973, which contained the general grounds and complained that the defendant's counterclaim had not been passed upon; and complained also of the entry of judgment and the trial of the case in the absence of defendant and his counsel, stating therein alleged grounds as to their failure to appear after receiving notice that the case was set for trial. On the same day as it filed its motion for new trial, defendant filed a motion to set aside the judgment because "the pleadings herein affirmatively show no claim in fact exists against the defendant" because no copy of an account or contract or agreement of any kind is attached to the complaint. This motion, as well as the motion for new trial, was also overruled on July 9, 1973. On August 17, 1973, the execution was levied upon certain described vehicles as the property of the defendant. On August 21, 1973, defendant filed his affidavit of illegality to the levy of the execution raising again the question of the failure to adjudicate the defendant's counterclaim and contending that since all of the issues have not been determined by a judgment, there has been no appealable order entered, and that for this reason it was illegal for the execution to issue. On August 28, 1973, defendant filed his motion for "modification of order and judgment" in which he claimed that the judgment of April 18, 1973, was on a "verdict rendered in the absence of the defendant and the defendant's counsel, which purports to dispose of the plaintiff's main action but is silent as to the defendant's counterclaim." This motion further contended as follows: "That the court's order of July 9, 1973, was not a final and appealable order just as the court's order and judgment of April 18, 1973 was not a final and appealable order and therefore the defendant had no recourse but to wait until his counterclaim can be heard. Concerning the appealability of the aforementioned two orders, see

Code Ann. § 81A-154 (b) and *Williams v. Horn,* 124 Ga. App. 485 (184 SE2d 198); *Cook v. Peeples,* 227 Ga. 473 (181 SE2d 375); *Farmers Cooperative Ins. Co. v. Hicks,* 227 Ga. 755 (182 SE2d 895); and *O'Kelley v. Evans,* 223 Ga. 512 (156 SE2d 450). It is obvious, according to the above authorities, that the court had adjudicated fewer than all of the claims or rights and liabilities of fewer than all of the parties and that the judgment therefore does not terminate the action as to any of the claims of the parties and that the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating *all* the claims and rights and liabilities of all the parties. Therefore, it is submitted, that the law clearly shows that no final appealable decision has been rendered in this action, and yet the plaintiff persists in pursuing to levy against the defendant's property pursuant to an illegally issued fi. fa. The defendant's only legal remedy at this point is to pursue its counterclaim, but the defendant submits, that it should not be exposed to the liability of a judgment and ensuing levy until the entire case has been heard and disposed of. Presently the defendant's assets are endangered and the status of this litigation has become unduly confused and complicated and a multiplicity of actions is resulting which is contrary to the purposes of the Civil Practice Act which provides that 'the provisions of this title shall be construed to secure the just, speedy, and inexpensive determination of every action.' "

These contentions were also asserted as a ground in the motion for a new trial. The prayers of the motion for modification of order and judgment were as follows:

"(a)  Set aside all orders rendered in the above action heretofore;

"(b)  Void the fi. fa. issued pursuant to the judgment obtained in said action;

"(c)  Set the plaintiff's action and defendant's counteraction down for trial at the next regularly scheduled jury trial date;

"(d)  Grant the defendant all other relief to which it is entitled in the premises." This motion was overruled on September 10, 1973, and an appeal was entered from this order on October 8, 1973. The enumerations of error

are:

1. The trial court erred in denying Bernath's motion for new trial upon the ground that the entire case was not disposed of by verdict and judgment and upon the ground that defendant and its attorney were not present at trial for legally sufficient reasons.

2. The trial court erred in allowing execution to issue prior to the running of the time for the filing of motions for new trial and/or to set aside the judgment or for the filing of a notice of appeal.

3. The trial court erred in allowing execution to issue on the judgment entered on the main claim prior to the allowing a hearing and issuing judgment on the counterclaim.

4. The trial court erred in denying Bernath's motion for modification of order or judgment upon the ground that the judgment entered in the main action was not a final judgment and did not dispose of all claims in the case. *Held:*

1. If the jury had believed that the evidence established any portion of the counterclaim, a verdict in favor of plaintiff for the amount sued for would have been impossible. Such a verdict is necessarily against the defendant on each and all of the defenses and counterclaim submitted to the jury. *Jernigan v. Carter,* 60 Ga. 131 (1); *Central Railroad v. Freeman,* 75 Ga. 331, 339. The judgment entered on the verdict was therefore a final and appealable judgment. So was the judgment overruling the motion for a new trial.

Appellant relies upon the case of *Williams v. Horn,* 124 Ga. App. 485 (184 SE2d 198) to support his contentions that his counterclaim has not been adjudicated and is still pending on the theory that the verdict in favor of the plaintiff did not adjudicate the counterclaim, and that neither the judgment on the verdict nor the overruling of his motion for new trial was a final and appealable judgment. This for the reason there was no "express determination that there was no just reason for delay" as required to make an appealable judgment when adjudicating fewer than all the claims under Section 54 of the Civil Practice Act (Ga. L. 1966, pp. 609, 658; Code Ann. § 81A-154 (b)). In the case relied

upon, Horn sued for the balance allegedly due on a note given as security for a fee for representing the defendant's son. The defendant answered and counterclaimed, asserting that the note evidenced a fee for representing the son through appeal and until a final judgment, and asserted that the defendant had been damaged in certain sums because of the refusal of counsel to continue the representation past the final trial which resulted in a hung jury. The trial judge orally struck the counterclaim and an examination of the record discloses he submitted the case to the jury solely on the question of whether the consideration of the note was earned or was conditioned on the performance of other services, and that if they found for defendant the form of their verdict would be " 'We, the jury, find in favor of the defendant.' If you find the plaintiff ought to recover of the defendant, the form of your verdict would be 'We the jury, find for the plaintiff, $600, and if you find for the plaintiff, its got to be $600,' " and refused to submit defendant's counterclaim to the jury.

So far as the record here discloses, both the counterclaim and the complaint were properly submitted to the jury, the judgment, itself, recites "the issues having been duly tried." Unless and until the contrary is shown, we will presume that the trial judge did his duty and submitted the counterclaim to the jury. Accordingly, when the jury in the case now before the court found a verdict for the plaintiff in the sum sued for, with no reference to the defendant's counterclaim, the verdict will be construed as deciding against the defendant's counterclaim. Section 54 (b) of the Civil Practice Act has application only when some issue is left undecided. None were left undecided here.

2. The decision that the judgment entered on the verdict and the judgment overruling the motion for new trial were final and appealable judgments raises the question of the timeliness of the appeal in the present case and the appealability of the order overruling the motion for "modification of order and judgment" on the verdict.

In *Adamson v. Adamson*, 226 Ga. 719 (177 SE2d 241) an order was entered overruling a motion for summary

judgment on March 24, 1970. A "motion for reconsideration" was made and this motion was over ruled on May 1, 1970. A notice of appeal was filed on May 22, 1970, from the judgment of May 1, 1970, accompanied by a certificate for immediate review. The Supreme Court then called attention to the fact that the order of March 24, 1970 denying the motion for summary judgment was an appealable order when certified in accordance with Par. 56(h) of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; Code Ann. § 81A-156) as amended. The Supreme Court then said:

"Section 5 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21, as amended; Code Ann. § 6-803) provides in material part as follows: 'A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion.'

"The instant appeal is not timely since a 'motion for reconsideration' of an order denying summary judgment is not included among those motions enumerated in Code Ann. § 6-803, supra, which automatically extend the filing date for a notice of appeal. It follows that the notice of appeal filed on May 22, 1970, from the judgment of the court of May 1, 1970, denying the 'motion for reconsideration' of the judgment of March 24, 1970, is not timely. Compare *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313); *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *George v. Lee,* 118 Ga. App. 302 (1) (163 SE2d 262)."

In the case of *Young v. Young,* 227 Ga. 570 (181 SE2d 867) there was an appeal from an award of temporary alimony including attorney fees to a wife in a divorce action, as well as from the judgment of the court refusing to vacate and reconsider this action. After deciding that the enumeration of error relating to the first judgment failed to present any question for decision for lack of transcript, the court then ruled:

"The enumerations of error relating to the judgment refusing to vacate and reconsider the former award of

temporary alimony cannot be considered since they are not based upon an appeal from an appealable judgment. Compare *Wilson v. McQueen,* 224 Ga. 420 (162 SE2d 313); *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241).

" (a) Nor can such enumerations of error be reviewed based upon the notice of appeal from the original judgment granting temporary alimony since all such enumerations of error relate to actions of the trial court taken after the appealable judgment was rendered (see *Graham v. Haley,* 224 Ga. 498 (4) (162 SE2d 346)), and such actions do not relate to one of the exceptions provided by law. See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137)."

In *Taylor v. City of Columbus,* 228 Ga. 493 (186 SE2d 539) there was a notice of appeal from a judgment and decree validating certain bonds entered November 12, 1971 and from the overruling of a "motion to alter and amend" the decree on December 7, 1971. The notice of appeal was filed on December 8, 1971. The Supreme Court dismissed the appeal holding:

"The Constitutional Amendment providing for the Columbus and Muscogee County Building Commission (Ga. L. 1966, pp. 946, 956) provides: 'If no exception is filed to the decree validating such bonds within 20 days from the date upon which such decree is entered . . . such decree shall be final and no appeal may be taken therefrom.'

"Under decisions exemplified by *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241), the 'motion to alter or amend' did not have the effect of extending the time for filing a notice of appeal and under the provisions of the Constitutional Amendment quoted above the notice of appeal which was not filed until December 8, 1971, more than 20 days after the judgment complained of, was not timely and the appeal must be dismissed."

In accordance with the rulings of the Supreme Court in these cases we are constrained to hold that the appeal in the present case was not timely, the appeal having been entered more than 30 days from the entering of the judgment on the verdict and more than 30 days from the entry of the order overruling the motion for new trial.

*Appeal dismissed. Eberhardt, P. J., concurs. Evans,*

*J., concurs in the judgment only.*

Submitted January 14, 1974 — Decided February 13, 1974 — Rehearing denied March 5, 1974.

*Katz, Paller & Land, Fred L. Cavalli,* for appellant.
*Claude E. Hambrick,* for appellee.