## 50810. MAJORS v. LEWIS.

DEEN, Presiding Judge.

Although it may have been mailed out to counsel, a printed document entitled "Pretrial Instructions" and labeled "Form 1-73," giving instructions for matter to be included in the order taken at a pre-trial hearing, is not a "written order . . . taken" within the meaning of Code Ann.

§ 81A-141 (e) providing that any suit in which no written order is taken for a period of five years shall automatically stand dismissed. It is true that the form ends with the printed words "By Order of Judge John S. Langford," but it is unsigned, and the words obviously refer to an order regarding the form of pre-trial hearing, and not an order regarding the case under consideration. Apparently no pre-trial hearing was ever held.

In *Milam v. Mojonnier Bros. Co.,* 134 Ga. App. 208, the court held that for purposes of Code Ann. § 81A-141 (e) and Code Ann. § 3-512 an order of the trial court allowing a remittitur as previously decided by the Court of Appeals on appeal to be entered on the record was not such an order as would prevent the five-year bar from attaching. In support of this position it cited Code Ann. § 81A-158 (b): "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same." Until an order is signed by the judge it is ineffective for any purpose. A printed signature on an instruction sheet is not such an order. This case stood automatically dismissed at the end of the five-year period. Accordingly, the judgment denying the motion to reinstate the case was proper.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JUNE 30, 1975 — DECIDED JULY 15, 1975.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellant.

*Ernest D. Brookins,* for appellee.