### 57319. TRUST COMPANY OF NEW JERSEY v. ATLANTA ALUMINUM COMPANY et al.

BIRDSONG, Judge.

Materialman's lien. The facts of this case show the following evolvement. In January, 1973, at least twelve individuals (defendants in fi. fa.) purchased real estate for development. The owners contracted with a general contractor for improvements. The appellee, Atlanta Aluminum Co. (plaintiff in fi. fa.) contracted with the general contractor to furnish aluminum products for the improvement of the owners' (defendants in fi. fa.) property. In February, 1973, Atlanta Aluminum filed a lien against the property for the material and work furnished and to be furnished. Four days after the lien was filed, the owners pledged the property by security deed. After the work was completed, Atlanta Aluminum demanded payment from the general contractor, but without success. Atlanta Aluminum then filed suit in November, 1973, against the contractor and the owners and sought enforcement of its lien against the property. The general contractor filed for bankruptcy and is not a

factor in this litigation. The owners answered denying indebtedness and filed a counterclaim alleging improper performance by Atlanta Aluminum. Sometime in 1974, the holder of the security deed foreclosed and took legal title to the property. Between the time of the foreclosure and January, 1976, the property changed hands three times. The suit filed by Atlanta Aluminum was quiescent until January 22, 1976. The twelve owners had filed motions denying personal responsibility and moved for dismissal as against them personally. The trial court apparently took these motions under advisement pending trial. On January 22, 1976, approximately half of the original owners and defendants in the original suit entered into a consent judgment granting a lien on the property in the amount of the outstanding indebtedness owed to Atlanta Aluminum. On January 26, appellant's (Trust Co. of New Jersey) predecessor in title conveyed the property to appellant. On March 5, 1976, the remainder of the original owners entered into the consent decree granting the lien against the property. On March 25, 1976, fi. fas. based upon the consent decrees were entered on the execution docket. Nothing further transpired until March 15, 1978, when Atlanta Aluminum served notice of foreclosure and sale upon the original defendants as well as Trust Co. On March 31, the sheriff levied on the property. On May 1, 1978, Trust Co. posted bond and on July 17, 1978, filed an intervention. The trial court, with the consent of parties (i.e., Trust Co. and Atlanta Aluminum), conducted a hearing without the intervention of a jury and based upon a stipulation of facts basically establishing the above elucidated occurrences. On August 29, 1978, the trial court found against Trust Co. on all the issues presented. This appeal followed with Trust Co. enumerating as error the same four basic issues asserted before the trial as tainting the original issuance of the fi. fas. *Held:*

1. Though appellant Trust Co. has enumerated four alleged errors, as we view the questions presented, the third enumeration requires first consideration. In that enumeration, Trust Co. in effect argues that the original owners were without authority or power to enter into a consent judgment with Atlanta Aluminum as to the

property against which the lien had been placed because they (the original owners) had no interest in the property and had had no interest therein since 1974 when their security deed was foreclosed. This argument further contends that at the time of the consent judgment of March 5, 1976, not only were the original owners strangers to the property, but the true owner, Trust Co., who was then known to be the owner, was never informed of the consent judgment against its property and did not participate or consent to that judgment. Thus, the argument contends that a lien was consented to by strangers against its property without notice or hearing, a violation of statute and due process.

At first blush, this argument appears to have great merit. However, when one considers the facts in perspective, the argument loses much of its force. At the time the initial suit was filed against the original owners, Atlanta Aluminum was seeking a personal judgment against the contractor and against the twelve owners as well as a special lien against the owners' property. At the time, it is not disputed that the trial court had jurisdiction over the persons of the defendants as well as over the res, the property. Atlanta Aluminum complied in all particulars with the lien laws; thus had the property not been conveyed, there can be no doubt that a judgment granting a special lien against the property would have been proper, whether following a jury trial or as the result of a consent judgment.

The issues pending before the court in the original suit involved the value of the work performed, the liability of the contractor, the personal liability of the owners, the quality of the work performed by the aluminum company, and the validity of the lien filed by Atlanta Aluminum. Even though the property was conveyed by foreclosure, thus divesting the original owners of legal title to the property, there remained before the court the questions of personal liability, the counterclaim for quality of work performed, and the issue of the special lien. We will consider the effect of the consent judgment as to the resolution of the other issues in the succeeding divisions of this opinion. Now we are concerned with the power of the ex-owners to consent to a

special lien against property they no longer owned and the power of a court to grant such a lien.

We note that the lien against the property has been a matter of record since February, 1973, almost three years before Trust Co. became the title owner of the property. The object of the recording statutes is to give constructive notice to all the world as to the rights of the parties thereto. Moreover, actual notice to third parties, where it can be shown, is as effective as recordation. *Bank of Ringgold v. West Publishing Co.,* 61 Ga. App. 426, 428 (6 SE2d 598). Thus, we conclude that the appellant Trust Co. did not accept conveyance of the property in ignorance of Atlanta Aluminum's recorded lien against the property. See *Bryant v. Ellenburg,* 106 Ga. App. 510, 512 (127 SE2d 468). It follows that when Trust Co. purchased the property with actual or constructive notice of Atlanta Aluminum's lien, Trust Co. took the property subject to the lien. There can be no question that the lien was properly recorded against the original owners, the only parties against whom a lien could have been filed at the time of filing. The court had jurisdiction over the res, the property, and over the persons of the original owners. The parties before the court agreed to dispose of the case by way of a consent judgment, a perfectly valid and lawful disposition. *First Nat. Bank &c. Co. v. Roberts,* 187 Ga. 472 (1) (1 SE2d 12). The lien having been properly recorded against the original owners, and the foreclosure action having been properly brought against them, it was not necessary for the subsequent purchaser on notice of the lien to become a party to the action. *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787, 795 (102 SE 528). If Trust Co. had believed that there was fraud in the agreement for a consent judgment or that the materialman's in rem rights were not enforceable against the property because no such work had been accomplished, then it could have proceeded in equity to set aside the consent judgment. No such allegations have been made nor such evidence presented. We conclude that the consent judgment was properly entered as against the in rem interests of Trust Co. which amounted to no more than the enforcement of the lien properly filed against the property and of which Trust Co. had due notice. See *Maloy*

*v. Planters Warehouse &c. Co.,* 142 Ga. App. 69, 70 (1) (234 SE2d 807). Though the original owners no longer possessed legal title to the property, they were the ones properly before the court and who had the concern of the disposition of the lawsuit. This enumeration is without merit.

2. In its first enumeration of error, Trust Co. asserts that the consent judgment was improperly entered as a final judgment inasmuch as in addition to the lien, there was a demand for personal judgment against the individual owners as well as a counterclaim. It is argued that the judgment of the court did not affirmatively dispose of the claims for personal judgment nor of the counterclaim, nor did the trial court make a part of its judgment a finding that no just reason existed not to enter final judgment on the lien issue. Therefore, Trust Co. urges that the trial court erred in concluding at the hearing for intervention that the consent judgment obviated any necessity for compliance with CPA § 54(b) (Code Ann. § 81A-154(b)).

We do not agree. By their pleadings, it was manifest that at issue in the case was the propriety of Atlanta Aluminum's lien, the individual personal liability of the owners, the quality of the plaintiff's work in fabricating the aluminum, and the existence of liability of the original debtor, the contractor. The consent order expressly recognized the bankruptcy of the contractor; that the purpose of the action was to foreclose a lien properly recorded; that the parties agreed to a judgment against the property in the amount of the remaining indebtedness; but that the in rem judgment would not be considered a personal judgment against the individual owners. It is clear therefore that the consent judgment was entered into by the parties in face of the above contentions and issues. If the questions of the counterclaim or personal liability had not been settled, it is inconceivable that the trial court would have concluded that the parties had agreed to dispose of the lawsuit only by agreeing to a special lien in the amount of the remaining indebtedness. In fact, the trial court reasonably should have concluded that because the parties had entered into a definite, certain and

unambiguous settlement agreement, which is not denied, the trial court properly could make the agreement the judgment of the court thereby terminating the litigation. *Kapiloff v. Askin Stores,* 202 Ga. 292 (42 SE2d 724). Such a judgment necessarily was against the defendants (the original owners) on each and all the defenses and counterclaim. *Jernigan v. Carter,* 60 Ga. 131 (1). The judgment entered on the consent therefore was a final and appealable judgment. *Bernath Barrel &c. Co. v. Ostrum Boiler Service,* 131 Ga. App. 140, 143 (1) (205 SE2d 459). This enumeration lacks merit.

3. In its second enumeration of error, Trust Co. contends that the trial court erred in entering a consent judgment without requiring proof of the lien or in requiring a jury verdict inasmuch as the defendants had demanded a jury trial in their answer. For the reasons stated in Division 2 of this opinion, we find no merit in this argument. The consent judgment resolved all issues by agreement of the parties and obviated the necessity of proof of the agreed facts or resolution thereof by a jury. See *Estes v. Estes,* 192 Ga. 94, 96-97 (14 SE2d 681).

4. In its final enumeration of error, Trust Co. argues that the fi. fas. do not follow the judgment of the court. The judgment of the court specifically found a special lien against the property in a certain amount and specifically excluded personal liability against any of the twelve individual defendants. The fi. fas., on the other hand, were issued ostensibly against the twelve defendants, referring to the judgments by dates and numbers, and the amount of the principal, interest and cost allowed in the action granting the special lien. In substance then, appellant complains that the fi. fas. seem to authorize an in personam judgment against the twelve defendants; therefore, it is argued, the fi. fas. do not follow the judgments.

We disagree. In order for a fi. fa. to be illegal and thus invalid, there must be a material variance between the form of the execution and judgment upon which it is issued. *Zachry v. Zachry,* 68 Ga. 158. Where upon an inspection of the execution enough appears upon its face to connect it with the judgment, a variance between the judgment and the execution will not vitiate the execution.

*Smith v. Bell,* 107 Ga. 800 (33 SE 684). The only discrepancy that appears here is that the limiting words "in rem" do not appear on the fi. fas. Nevertheless, the underlying judgments are clearly identified. The fi. fas. are totally parallel to those judgments in all other respects and the attempted execution did not confuse any of the parties, including the appellant. We find no material variance here nor any merit to this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED APRIL 13, 1979.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Robert E. Shields, William B. Gunter,* for appellant.

*Westmoreland, Hall, McGee, Warner & Oxford, Paul R. Jordan, R. Joseph McGee, James L. Paul, J. Littleton Glover, McCord, Cooper & Voyles, Robert B. McCord, Jr., Harland, Cashin, Chambers & Parker, James R. Harland, Jr., Johnston & McCarter, Richard H. Johnston, Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellees.