37920, 37921. AUSTIN v. CARTER; and vice versa.

MARSHALL, Justice.

This is a petition for writ of habeas corpus filed by Bernatsky Deray Carter. The petitioner was convicted in the Fulton Superior Court in June of 1978 of various counts of rape, robbery, aggravated sodomy, armed robbery, and aggravated assault with intent to rape. He filed this petition in the Tattnall Superior Court in June of 1980, seeking to set aside the sentences he received for these convictions.

On March 30, 1981, the Tattnall Superior Court entered an order granting the petition. On April 9, the state filed a motion to: (1) "reconsider, vacate, and/or set aside" the March 30th order; (2) "reopen and receive additional evidence necessary to a just adjudication of this matter"; and (3) "stay enforcement of the order." On April 9, the superior court entered an order staying the order of March 30th pending a hearing on the motion filed by the state. A hearing was conducted on the state's motion on April 22. On April 23,

the superior court entered another order denying the state's motion to reconsider, vacate, and/or set aside. The state filed its notice of appeal on May 14.[1]

The petitioner filed a motion in the superior court to dismiss the state's notice of appeal, on grounds that: the notice of appeal had not been filed within 30 days of the March 30th order, as required by Code Ann. § 6-803 (a); and none of the motions filed by the state extends the 30-day time limit for filing the notice of appeal. By order dated June 23, the superior court denied the petitioner's motion to dismiss the state's appeal.

In Case No. 37920, the state appeals the March 30th order granting the petition for writ of habeas corpus. In Case No. 37921, the petitioner appeals the June 23rd order denying his motion to dismiss the state's appeal.

1. Under Code Ann. § 6-803 (a), supra: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of (except as provided in Code section 27-1201, relating to change of venue in criminal cases), but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion . . ."[2]

It is true that neither a motion for reconsideration, nor a motion for rehearing, nor a motion to vacate and set aside a final judgment is included among those motions enumerated in § 6-803 (a) which automatically extend the filing date of the notice of appeal. See *Allanson v. State,* 239 Ga. 154 (236 SE2d 348) (1977); *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970); *Shannon Co. v. Heneveld,* 135 Ga. App. 252 (2) (217 SE2d 424) (1975). Thus, the motion filed by the state to "reconsider, vacate, and/or set aside" the March 30th order did not extend the filing date of the notice of appeal from that order.

---

[1] Although a certificate of probable cause must be obtained before an order denying relief to a petitioner for habeas corpus can be appealed, no certificate of probable cause need be obtained in order to appeal an order of the court finding in favor of the petitioner. Code Ann. § 50-127 (11).

[2] It is interesting to note that § 6-803 (a) currently states that a motion in arrest of judgment extends the date for filing the notice of appeal. However, CPA § 201 (jj) (Code Ann. § 81A-201 (jj)) repealed those sections of Code Ch. 110-7 relating to motions in arrest of judgment. A motion in arrest of judgment has been defined as a motion which seeks to stay a judgment based on a nonamendable defect appearing on the face of the record, and which must be brought within the term the judgment is rendered. Ga. Proc. & Pract. § 21-8, p. 457 (1957); *Love v. National Liberty Ins. Co.,* 157 Ga. 259 (121 SE 648) (1924) and cits.

However, we do hold that the superior court's entry of an order granting the motion to stay its judgment in order to reopen the evidence did extend the date for filing the notice of appeal. To the extent that *Wilson v. McQueen,*[3] 224 Ga. 420 (162 SE2d 313) (1968), conflicts with this holding, it is overruled.

2. The court below granted the petition for writ of habeas corpus because of ineffective assistance of trial counsel.

(a) Basically, this is what happened prior to and during the petitioner's trial:

An attorney from the Fulton County Public Defender's Office was appointed to represent the petitioner at trial. Defense counsel recognized the merits of the charges against the petitioner, and he filed a special and general plea of insanity as well as a request for psychiatric examination of the petitioner. The petitioner was examined by two psychiatrists and a psychologist. The hearing on the special plea was held immediately prior to trial, and the psychiatrists and psychologist testified at that hearing that although the petitioner was borderline mentally retarded, he was mentally competent to stand trial.

Defense counsel testified at the hearing below that the written reports he received concerning the psychiatric examinations of the petitioner were "helpful" to the insanity defense. However, the medical testimony given at the hearing on the special plea, which testimony was not favorable to the insanity defense, was somewhat different from the contents of the written reports. After the hearing on the special plea, defense counsel filed a motion for a continuance in order to obtain additional medical evidence concerning the petitioner's mental state, but the continuance was denied. (The attorney representing the petitioner in this habeas proceeding asserts that the petitioner's mother was available at trial to give testimony concerning the question of petitioner's sanity.) However, defense counsel decided that the best strategy and only hope of winning the case was to not put up any evidence and thereby obtain opening and closing argument. Counsel could then seek to persuade the jury in closing argument that the petitioner was insane, basing this argument on the evidence introduced by the state. This, defense

---

[3] In *Wilson v. McQueen,* supra, it was held that the trial judge's entry of a supersedeas order did not extend the filing date for the notice of appeal. The present case is distinguishable from *McQueen* on grounds that: (1) In *McQueen* there was no motion for supersedeas, whereas there was a motion for a stay here; and (2) the trial judge in *McQueen* did not grant the supersedeas in order to receive additional evidence, which was done here. To the extent that *McQueen* is not distinguishable from the present case, it is, as we have stated above, overruled.

counsel did. Defense counsel realized that the testimony given by the alleged rape victims would create an "emotional tidal wave," and he decided not to cross-examine certain of the witnesses because he thought it would do more harm than good.

However, the trial record shows that defense counsel did seek to suppress evidence seized from the petitioner's house, as well as the victims' pretrial identification of the petitioner. These motions to suppress were denied. Defense counsel also obtained an in-camera inspection of the prosecutor's file by the trial judge.

The evidence adduced against the petitioner at trial can be described as overwhelming. He was observed by a police stake-out squad after he had gotten off of a certain MARTA bus and began following a woman. This was the same modus operandi used by him on multiple prior occasions. He was apprehended by the police when he grabbed the woman and threw her down behind some bushes. A search of his residence uncovered items of clothing which matched the description given by certain victims of what their assailant had been wearing. Coin purses taken from some of the victims were also found during the course of the search. The petitioner was positively identified at trial by eight victims, seven of whom had been raped by him. There were many similarities between the various rapes. Most of the victims were threatened with a knife, beaten brutally, and robbed. The petitioner attempted to gain admittance to many of the victims' residences by asking if a certain named individual lived there. Many of the victims were raped after departing from the MARTA bus referred to above. The petitioner did not wear a mask or otherwise hide his face, and each of the victims was given an abundant opportunity to observe him.

(b) The habeas judge concluded that by filing the plea of not guilty by reason of insanity and then refraining from cross-examining certain of the state's witnesses while cross-examining others only superficially, defense counsel admitted that the petitioner committed the acts on which the criminal charges were brought.[4] Based on the fact that defense counsel also failed to present evidence in support of the plea of not guilty by reason of insanity, the habeas judge ruled that the petitioner was not given effective assistance of trial counsel.

(c) For reasons which follow, we hold that the judge erred in so ruling.

---

[4] It should be noted, however, that the trial judge charged the jury that by pleading not guilty by reason of insanity, the petitioner was contending that he was not guilty of the offenses charged in the indictment. It should also be noted that the trial judge

The Sixth Amendment to the United States Constitution, as applicable to the states through the due process clause of the Fourteenth Amendment, guarantees criminal defendants effective assistance of counsel. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963); Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158) (1932).

However, the constitutional right to assistance of counsel insures "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). "When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." Brubaker v. Dickson, 310 F2d 30, 32 (9th Cir. 1962). " 'The decisions on which witnesses to call, whether and how to conduct cross examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.' *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740, 742) (1975), quoting ABA Standards, relating to the Adm. of Crim. Justice (1974), the Defense Function, § 5.2 (b)." *Hawes v. State,* 240 Ga. 327, 330 (240 SE2d 833) (1977). Simply because other lawyers might have exercised different judgments and conducted petitioner's defense in a different manner does not require a finding that defense counsel's representation of petitioner was so inadequate as to amount to a denial of effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268, 269 (167 SE2d 588) (1969).

Adjudged by the foregoing standards, we hold that defense counsel's representation of the petitioner did not constitute ineffective assistance of counsel within the meaning of the Sixth and Fourteenth Amendments.

Defense counsel can hardly be faulted for failing to introduce at trial medical testimony that proved unsupportive of the petitioner's insanity defense at the hearing on the special plea. As previously stated, defense counsel's motion for a continuance in order to obtain

---

did not charge the jury that the petitioner bore the burden of showing that he lacked the mental responsibility to commit the crimes charged, although there is a basis in law for such a charge. See *Durham v. State,* 239 Ga. 697 (1) (238 SE2d 334) (1977).

additional medical testimony was denied. Decisions made by defense counsel concerning the cross-examination of the state's witnesses, as well as his decision concerning whether to introduce the testimony of the petitioner's mother or obtain opening and closing argument, are part of trial tactics and strategy. These decisions may have been wise or unwise, but they do not constitute ineffective assistance of counsel.

The order of the court vacating the petitioner's sentences is reversed.

*Judgment in Case No. 37920 reversed. Judgment in Case No. 37921 affirmed. All the Justices concur, except Smith, J., who dissents from Division 1 and the judgment in Case No. 37921, and Weltner, J., not participating.*

DECIDED JANUARY 5, 1982 —
REHEARING DENIED JANUARY 19, 1982.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellant.
*J. Richard Edwards,* for appellee.

SMITH, Justice, dissenting.

In *Wilson v. McQueen,* 224 Ga. 420, 421 (162 SE2d 313) (1968), this court held: "From [Code Ann. § 6-803 (a)] it is manifest that the General Assembly intended that a notice of appeal must be filed within 30 days after entry of the appealable judgment complained of, *except* where there is filed (1) a motion for new trial, (2) a motion in arrest of judgment, or (3) a motion for judgment notwithstanding the verdict. A supersedeas is *thus* not among those exceptions which automatically extend the filing date for notices of appeal. See *Williams v. Keebler,* 222 Ga. 437 (150 SE2d 674); *Bailey v. State,* 224 Ga. 48 (159 SE2d 286)." (Emphasis supplied.) Code Ann. § 6-803 (a) was construed as not permitting a supersedeas to extend the time for filing a notice of appeal.

Recently, in *Jones v. Swett,* 244 Ga. 715, 717 (261 SE2d 610) (1979), this court relied on the following principle of law: "Once the court interprets a statute, that interpretation becomes an integral part of the statute and any subsequent 'reinterpretation' would be no different from a judicial alteration of language placed in the statute by the General Assembly itself. [Cits.]" I believe the import of *Jones* is this: whatever the force of stare decisis in other contexts, appellate courts should take an especially dim view of "reinterpreting" statutes.

In spite of the court's pronouncement in *Jones,* the majority provides no explanation as to why *McQueen* will no longer be

followed. It simply overrules *McQueen* insofar as it "conflicts with the [present] holding."[1]

In my view, existing precedent should control in the absence of compelling reasons to the contrary. Under *McQueen,* I would hold that the habeas court's entry of a stay "pending a hearing on [the state's] motion" did not extend the time for filing a notice of appeal and that the instant appeal must be dismissed.

---

[1] While the majority recognizes that *McQueen* is inconsistent with its holding, it also attempts to distinguish *McQueen* "on grounds that: (1) In *McQueen* there was no motion for supersedeas, whereas there was a motion for a stay here; and (2) the trial judge in *McQueen* did not grant the supersedeas in order to receive additional evidence, which was done here." The majority, however, leaves us in doubt as to whether, or if so, why these "distinguishing features" have legal import.

I cannot attach any legal significance to the fact that there was a motion for stay filed in this case, while in *McQueen* only a motion for reconsideration was filed. "This court has construed Code Ann. § 6-803 as limiting motions that would extend the filing date for a notice of appeal to only a motion for new trial, or a motion in arrest of judgment or a motion notwithstanding the verdict. *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970); *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) (1976); *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234 SE2d 377) (1977)." *Donnelly v. Stynchcombe,* 246 Ga. 118 (269 SE2d 10) (1980). A motion for stay does not affect the time for filing a notice of appeal any more than does a motion for reconsideration.

As for the majority's second "distinguishing feature," it must be noted that the rule of *McQueen* does not focus on the *purpose* for granting a supersedeas. It simply holds: "A supersedeas is . . . not among those exceptions which automatically extend the filing date for notices of appeal." Id. at 421. The order of supersedeas in *McQueen* did not state the court's purpose in entering the order.