77528. ANDERSON et al. v. STRECK.
(378 SE2d 526)

BEASLEY, Judge.

The dispositive question in this appeal from the grant of summary judgment to defendant Streck and the denial of such to the plaintiffs Anderson is whether or not the evidence on summary judgment demanded the conclusion as a matter of law that Streck was as a bona fide purchaser without notice under the circumstances of certain real estate transactions.

The Andersons, doing business as Larry Anderson Grading, contracted with North River Builders, Inc. (NRB) to grade and erect a structure on certain of NRB's real property. NRB failed to pay them for the work and on March 17, 1986, they filed a claim of lien in the amount of $16,085. See OCGA § 44-14-361.

The Andersons remained unpaid and in January 1987 they filed

suit against NRB. See OCGA § 44-14-361.1 (a) (3). NRB responded and plaintiffs moved for summary judgment which was granted on June 25, 1987. The court entered judgment against NRB for principal and interest in the amount of $21,221.12.

Meanwhile, in April 1987 Equitable Mortgage Resources, Inc., which held a security deed and agreement on the property, initiated foreclosure proceedings. Equitable advertised the foreclosure proceedings on April 9, 16, 23, and 30, 1987 in the official organ. The advertisement stated that the property would be sold subject to "all unpaid liens or judgments of record."

Equitable foreclosed on May 5. The next day a deed under power was executed transferring title from NRB to Equitable. It stated that the "sale was made after advertising the time, place and terms thereof in the Fulton Daily Reporter (sic), . . ." Filing and recording occurred on May 22 and on June 12, Equitable conveyed the property by warranty deed to Streck.

The Andersons sued Streck alleging they continued to hold a valid lien against the property. They prayed for a special judgment establishing and foreclosing their lien in the principal amount of $16,085 plus all expenses of litigation including reasonable attorney fees and costs, and for execution permitting sale of the property in compliance with Georgia law governing non-judicial foreclosures.

The court concluded that there was no genuine issue of material fact as to Streck's status, when he acquired title, as being that of a bona fide purchaser for value without notice of the Andersons' lien.

The Andersons contend that the trial court erred in holding that Streck was a bona fide purchaser without notice, because the deed under power in the chain of title incorporated by reference notice of the foreclosure advertisement in the Fulton Daily Reporter, which advertisement stated that the property was being sold subject to all unpaid liens and judgments of record. Therefore, they argue, Streck had constructive notice of the lien. They contend further that the ruling as to Streck's status was error because Streck failed to offer any evidence that he lacked actual notice of the lien.

" 'The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.]. . . . There is no duty placed upon the plaintiff to produce evidence until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings.' [Cits.]" *Hill v. Goodyear Tire &c. Co.*, 187 Ga. App. 890 (371 SE2d 661) (1988).

In order to enforce their lien, plaintiffs had to show that Streck purchased the property with actual or constructive notice of the lien,

because equity extends protection to a bona fide purchaser for value and without notice. OCGA §§ 23-1-19; 23-1-20; 23-2-34; *Dept. of Transp. v. Brooks*, 254 Ga. 303, 318 (10) (328 SE2d 705) (1985). Thus, in order to prevail on his cross-motion for summary judgment, Streck had to produce evidence conclusively negating, inter alia, the elements of actual or constructive notice. See *Trust Co. of N. J. v. Atlanta Aluminum Co.*, 149 Ga. App. 605 (255 SE2d 82) (1979), where the subsequent purchaser took property subject to a lien even though there was an intervening foreclosure.

The Andersons correctly state that Streck did not produce any evidence that he did not have actual notice of the recorded lien and judgment. However, there is a presumption of good faith which attaches to a purchaser for value and which remains until overcome by proof. *Patellis v. Tanner*, 199 Ga. 304, 310 (1)-312 (34 SE2d 84) (1945). The question then is whether or not the circumstances raise a question of fact regarding Streck's having constructive notice of the lien.

Appellants argue that there is a factual issue of constructive notice because the deed under power incorporates by reference the foreclosure ads. This fails because at most, the deed under power states that the conveyance is made after the property was advertised in the official county organ. The wording does not *incorporate* by reference the language of the advertisements nor the terms of sale as contained therein; nor does it indicate directly that the conveyance is made subject to unpaid liens and judgments. Therefore, there was nothing to put subsequent purchaser Streck on notice to make further inquiry regarding encumbrances on the property outside what was discernible from the recorded chain of title.

Appellants cite *Hardman v. Dahlonega &c. Chamber of Commerce*, 238 Ga. 551 (233 SE2d 753) (1977), and *Spencer v. Poole*, 207 Ga. 155 (60 SE2d 371) (1950). The former involved a conveyance under a deed which made the conveyance expressly subject to the terms of a separate agreement of the same day; the latter involved a deed referring to a plat which, the court noted, "would ordinarily be considered as incorporated in the deed itself" and was itself recorded, with the record pages referred to in the deed. Id. at 156 (2).

Inasmuch as the evidence on summary judgment showed without dispute that Streck did not have actual or constructive notice of the lien at the time he purchased the property for value, the trial court did not err in granting judgment to Streck on his cross-motion for summary judgment and in denying the same to the Andersons. OCGA § 9-11-56.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

Decided February 8, 1989.

*Moore & Rogers, Robert D. Igram*, for appellants.
*Hudspeth & Benedict, Dean A. Williams, Osgood A. Williams*, for appellee.