S91A0318. SMITH et al. v. THE STATE.
(404 SE2d 115)

FLETCHER, Justice.

On August 1, 1989, defendants were indicted on charges of murder, felony murder, and aggravated assault arising out of an incident that occurred in November of 1988. When their case appeared on the trial calendar for the seventh time, the trial court invited counsel for the defendants to move for an out-of-time demand for speedy trial. An oral motion to that effect was made and the court set a hearing on the motion for April 27, 1990.

At the close of the April 27 hearing, the trial court orally granted the motion for an out-of-time demand for speedy trial. The trial court went on to indicate to the prosecutor that, as the State was not seeking the death penalty, it would have two terms, or until the end of August of 1990 pursuant to the calculations of defendants' counsel, in which to try the case.

On October 25, 1990, the defendants joined in a motion for discharge and acquittal.[1] The grounds for the motion were that the State had not tried the defendants in the time required by the court's April 27, 1990 order. It was then learned that no order concerning the out-of-time demand had been filed after the April 27, 1990 hearing. Defendants presented the court with a proposed order entitled "Nunc Pro Tunc Order For Out of Time Demand for Speedy Trial." The prosecutor objected to the order, and a hearing was held on October 26, 1990 as to the proposed order.

An order was entered on October 29, 1990 and amended on November 1, 1990 wherein the court held that, on April 27, 1990, it had granted the defendants' motion for an out-of-time demand for speedy trial but, due to an oversight by either the court or the court's staff, no written order to that effect had ever been filed. The court then ordered that the motion for an out-of-time demand for speedy trial be granted, nunc pro tunc, effective April 27, 1990. The court went on to hold that the defendants' motion for discharge and acquittal was premature as no jurors were impaneled on April 27, 1990 nor during the remainder of the March/April term of court. Therefore, the defendants' demand for speedy trial was not effective until the next term of court, the May/June term, thereby giving the State until the end of the September/October term to try the defendants.

1. OCGA § 17-7-171 governs demands for speedy trial in cases involving a capital offense and subsection (b) of that statute provides a three-prong procedure which must be complied with by defendants accused of such offenses in order for their demand for speedy trial to be effective.[2] First, the demand must actually be filed with the court. Second, there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed. Third, at sometime during both of the first two regular terms of court following the term at which the demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment.[3]

---

[1] A brief entitled "Brief in Support of Motion for Absolute Discharge and Acquittal" was filed in the trial court on October 25, 1990. However, no corresponding motion appears in the record.

[2] OCGA § 17-7-170 governs demands for speedy trial in non-capital cases and such statute and the case law dealing with such statute must be distinguished from OCGA § 17-7-171 and the case law dealing with that statute as the two are quite different. The requirements of OCGA § 17-7-171 are also more stringent than those of OCGA § 17-7-170 due to the different nature of the two types of offenses.

[3] Compliance with the third prong is mandatory and must be accomplished regardless of whether the case appears on a trial calendar during either of the first two regular terms following the term at which the demand was filed. We also note that compliance with the third prong may be accomplished either by the defendant himself or by his counsel. *Dennis v. Grimes*, 216 Ga. 671 (118 SE2d 923) (1961).

2. The trial court's nunc pro tunc order provided that, effective April 27, 1990, defendants' motion for an out-of-time demand for speedy trial was granted. While a trial court can grant a defendant special permission to file an out-of-time demand for speedy trial, a trial court cannot actually make that demand for defendants. In the present case, no demand for speedy trial appears in the record and, therefore, we find that no demand has been made by defendants.[4] We affirm the result reached by the trial court's nunc pro tunc order but for reasons other than those asserted by that court. Accord *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673) (1989).

*Judgment affirmed. All the Justices concur, except Weltner, Hunt and Benham, JJ., who concur specially as to Division 2.*

HUNT, Justice, concurring specially.

I respectfully disagree with Division 2 of the opinion which renders null the trial court's granting of the out-of-time demand for speedy trial. Surely, under the frustrating circumstances of the delay in this case, the trial judge properly placed the defendant's oral demand on the record and granted it as though it were written. Because, however, as pointed out in footnote 4, the defendants have not demonstrated full compliance with the statute, the judgment can be affirmed.

I am authorized to state that Justice Weltner and Justice Benham join in this special concurrence.

DECIDED MAY 15, 1991 —
RECONSIDERATION DENIED JUNE 7, 1991.

*L. David Wolfe & Associates, L. David Wolfe, Michael Mears & Associates, Michael Mears, William F. Rucker,* for appellants.

*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Rebecca A. Keel, Assistant District Attorneys,* for appellee.

---

[4] Even if a demand had been filed by defendants immediately after the April 26, 1990 hearing, there is nothing in the record to reflect that defendants were present in court announcing ready for trial and requesting a trial on the indictment at either of the first two regular terms of court following the March/April term.