A92A2081. THE STATE v. MOORE.

(428 SE2d 815)

McMurray, Presiding Judge.

Defendant was indicted during the May 1990 term of the Toombs County Superior Court for armed robbery and for being a recidivist. The trial court allowed defendant to file, pro se, a statutory demand for trial on May 21, 1991, during the February 1991 term of court. OCGA § 15-6-3 (24) (D). On August 9, 1991, the term of court (May 1991 term) following defendant's demand for trial, the trial court entered an order, finding that defendant is "in prison under the control of the Board of Corrections . . ." and ordering "the Board of Corrections . . . to surrender [defendant] into custody of the Sheriff of this said county or his lawful deputy for his production in court [on August 12, 1991]."[1] On February 4, 1992, the trial court entered another order, requiring the "Board of Corrections . . ." to turn defendant over to the Sheriff of Toombs County for appearance in court on February 10, 1992. On February 24, 1992, defendant filed a motion to dismiss the indictment based on the State's failure to provide a speedy trial. The trial court granted the motion to dismiss, finding that "[s]everal court prisoner production orders have been executed by a judge of this court for appearance in this court after demands for trial were filed by the defendant or his counsel [and for] unexplained reasons the defendant has not been produced by the proper authorities." This appeal followed. *Held*:

"OCGA § 17-7-171 governs demands for speedy trial in cases involving a capital offense and subsection (b) of that statute provides a three-prong procedure which must be complied with by defendants accused of such offenses in order for their demand for speedy trial to be effective. First, the demand must actually be filed with the court. Second, there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the

---

[1] An order dated July 25, 1991, requiring defendant's presence for trial appears in the record on appeal. However, the order does not bear any data reflecting a filing in the trial court. Consequently, even though the dissent authored by Judge Beasley cites this order, it may not be considered on appeal. "Until an order is signed by the judge [and is filed] it is ineffective for any purpose." *Majors v. Lewis*, 135 Ga. App. 420, 421 (218 SE2d 130). In fact, "[i]t is elementary that an oral [or written] order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk. OCGA § 5-6-31, and *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985); OCGA § 9-11-58, and *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975)." *Sharp v. State*, 183 Ga. App. 641 (1), 642 (360 SE2d 50).

term at which the demand is filed. Third, at some time during both of the first two regular terms of court following the term at which the demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment." (Footnotes omitted.) *Smith v. State*, 261 Ga. 298, 299 (1) (404 SE2d 115). "[C]ompliance with the third prong may be accomplished either by the defendant himself or by his counsel. *Dennis v. Grimes*, 216 Ga. 671 (118 SE2d 923) (1961)." *Smith v. State*, 261 Ga. 298, 299 (1), fn. 3, supra.

In the case sub judice, defendant was represented by counsel at the time he filed, pro se, the statutory demand for trial. Further, defense counsel was in court when the case appeared on jury trial calendars in terms of court following defendant's statutory demand for trial. However, defense counsel then failed to announce ready for trial and request a trial. Defense counsel simply explained that "[t]he district attorney [chose] not to call this case because they had not procured [defendant's] presence here for trial." This assertion provides no basis for excusing strict compliance with the mandatory three-prong requirements of OCGA § 17-7-171 (b).[2]

In *Dennis v. Grimes*, 216 Ga. 671, 672 (3), supra, the Supreme Court held that a defendant's inability to personally appear in court due to imprisonment and announce ready for trial at the appropriate terms following a statutory demand does not excuse failure to appear in court and announce ready for trial when defense "counsel . . . could have done this for him. . . ." Id. at 673. Nonetheless, the minority fails to distinguish *Dennis* from the case sub judice or recognize its binding effect. The minority's reliance upon OCGA § 24-10-60 (a) is misplaced. Nothing in that Code section prohibits a defendant's counsel from appearing in court and announcing ready for trial. See *Dennis v. Grimes*, 216 Ga. 671, supra.

"It is as elemental as ABC that the Court of Appeals is bound by decisions of the Supreme Court." *Hogan v. State*, 118 Ga. App. 398, 400 (163 SE2d 889). The Supreme Court's holding in *Dennis* is clear and indistinguishable from the case sub judice. Consequently, the trial court erred in granting defendant's motion to dismiss the indictment. See *Smith v. State*, 261 Ga. 298, 299 (1), fn. 3, supra.

*Judgment reversed. Pope, C. J., Birdsong, P. J., Carley, P. J., Andrews and Johnson, JJ., concur. Beasley, Cooper and Blackburn,*

---

[2] The dissent authored by Judge Beasley states that defendant's case was not called for trial after defendant's demand for speedy trial. However, this is of no consequence as the Supreme Court recently stated that "[c]ompliance with the third prong is mandatory and must be accomplished regardless of whether the case appears on a trial calendar during either of the first two regular terms following the term at which the demand was filed." *Smith v. State*, 261 Ga. 298, 299 (1), fn. 3, supra.

*JJ., dissent.*

BEASLEY, Judge, dissenting.

Defendant's demand for trial was effective May 21, 1991, when it was approved by the court. OCGA § 17-7-171 (a). This was during the February term, as the May term did not begin until the fourth Monday, May 27. OCGA § 15-6-3 (24) (D). Because defendant was in the custody of the Department of Corrections, the court on July 25 ordered his production in court "immediately . . . for trial preparation . . . in his defense."[3] That was during the May term, the first term following the demand. He was not produced. Again during that May term, the court on August 9 ordered his production on August 12 because he was "needed . . . as a witness . . . in the defense." He was not produced.

On September 4, during the next term, which began August 26, counsel filed another "demand" which in effect was a reminder of the court-approved demand of May 21. The August term passed with no production order and no call of the case for trial.

Finally, on February 4, near the end of the November term, the court ordered the production of defendant "for a hearing" on February 10, still within the November term. Defendant was not produced and no hearing was held.

On February 24, the first day of the February 1992 term, defendant filed a motion to dismiss the indictment for want of a speedy trial. This was in the fourth term following the term in which the demand became effective a whole year earlier. Production orders had been entered for defendant's production during both the May and August 1991 terms, which were the two regular terms after the term at which the demand was effectively filed. The inaction of the State prevented him in each instance from being present to announce ready. Certainly his counsel could not do so, as trial could not commence without him. Moreover, the State never called the case for trial.

I agree that the State cannot prevent defendant from fulfilling the requirements for invoking his right to a speedy trial under OCGA § 17-7-171.

BLACKBURN, Judge, dissenting.

I respectfully dissent.

Appellee filed a demand for speedy trial pursuant to OCGA § 17-7-171 during the February 1991 term of court. During the May 1991 and August 1991 terms of court, juries were impanelled and qualified to try appellee. Thus, he must be discharged and acquitted provided

---

[3] The order is part of the record in the case as certified by the Clerk.

that he "was present in court announcing ready for trial and requesting a trial on the indictment." OCGA § 17-7-171 (b).

In *Dennis v. Grimes*, 216 Ga. 671 (118 SE2d 923) (1961), relied upon by the majority, the Supreme Court held that the absence of the accused from the court due to his incarceration did not absolve the accused of compliance with the above-quoted requirement of presence in the courtroom because, the court reasoned, "he was represented by counsel who could have done this for him." Id. at 673. Here, however, unlike the situation in *Dennis*, the court had entered ex parte orders pursuant to OCGA § 24-10-60 (a) requiring the Board of Corrections to deliver appellee to the custody of the sheriff so that he could be present at court. OCGA § 24-10-60 arises from "the court's inherent power . . . to procure the attendance of convicts" in court, *Flagg v. State*, 11 Ga. App. 37, 40 (74 SE 562) (1912), and provides that the sheriff "*shall* take custody of the prisoner on the date named in the order." (Emphasis supplied.)

Given the mandatory language of OCGA § 24-10-60 (a), I cannot agree with the majority that *Dennis* controls the case at bar. Reading *Dennis* to mean that the defendant's presence at court for the purpose of compliance with OCGA § 17-7-171 is not required *even if ordered by the court* would render OCGA § 24-10-60 meaningless. "A legislative body should always be presumed to mean something by the passage of an Act and an Act should not be construed so as to render it absolutely meaningless. [Cits.]" (Punctuation omitted.) *Buice v. Dixon*, 223 Ga. 645, 646-647 (157 SE2d 481) (1967). Allowing the State to fail to comply with an order of the court compelling a defendant's presence in court and then using that absence to circumvent the speedy trial demand is contrary to the mandatory language of OCGA § 24-10-60 (a) and the court's power to compel a prisoner's presence. Such a result also is at odds with the duty of " 'the courts and the prosecutors to assure that cases are brought to trial.' " *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984) (quoting *Barker v. Wingo*, 407 U. S. 514, 529 (92 SC 2182, 33 LE2d 101) (1972)). I do not believe that *Dennis* requires such a result.

Accordingly, I would affirm the judgment of the trial court.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED MARCH 9, 1993.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellant.
*Thomas O'Donnell*, for appellee.